## JONES v. FLOYD.

### Opinion delivered May 14, 1917.

1. SCHOOL DISTRICTS—LEGISLATIVE CONTROL.—The control of the Legislature over the organization of school districts, and of changes in their boundaries, is plenary, and the Legislature may, itself, exercise this power, or it may confer it upon other agencies of government.

2. CONSTITUTIONAL LAW—QUALIFICATIONS OF ELECTORS.—The Constitution has prescribed the qualifications of an elector, and it is beyond the power of the Legislature to prescribe other or different qualifications.

3. ELECTIONS—RIGHT TO VOTE—RESIDENCE.—Residence is a prerequisite without which one can not become qualified to vote, and this residence must be in the county in which he proposes to vote, and in the precinct, town or ward in which he proposes to vote.

4. SCHOOL DISTRICTS—RIGHT OF RESIDENT TO VOTE.—An elector must reside in the school district in which he proposes to vote at a school election. *Semble,* in the case of a school district lying partly in one county and partly in another, the elector votes in his own district and in his own county.

5. SCHOOL ELECTIONS—QUALIFICATIONS OF VOTERS.—A school election is a legal election, and one voting thereat must possess all of the qualifications of an elector.

6. SCHOOL DISTRICTS—TRANSFER OF CHILDREN—RIGHT TO ATTEND SCHOOL—RIGHT OF PARENT TO VOTE.—Where a valid order of the county court is outstanding directing the transfer of certain children

to a certain school district, together with the taxes paid by their parents, the children are entitled to attend school in that district, but school directors may refuse to grant a citizen the privilege of voting in a district in which he does not reside.

Appeal from Pike Chancery Court; *James D. Shaver,* Judge; reversed.

*J. C. Pinnix,* for appellants.

1. The demurrer should have been sustained. The Act of May 23, 1901, is unconstitutional and void because in conflict with section 1, Art. 3, Const. and Amendment No. 2, Art. 21 and the Thirteenth and Fourteenth Amendments to Const. U. S.  Kirby's Digest, § § 7642, etc; 24 Ark. 167; 2 Dallas 308; 6 Ark. 197; 11 *Id.* 481.  The Constitution fixes the qualifications of voters and the Legislature can not change them unless the power is granted expressly or by necessary implication.  24 Ark. 161; 134 Ga. 292; 21 Am. Rep. 465; 97 Am. Dec. 263; 9 R. C. L. 1024.

2. The words *"any election,"* etc., includes *all* elections.  2 Cyc. 472; 2 A. & E. Enc. Law (2 ed.) 414; 4 Hill (N. Y.) 384; 187 Ill. 125; 58 N. E. 422; 16 N. D. 363; 125 Am. St. 662; 112 Pa. St. 622; 4 Atl. 220; 95 Ia. 413; 64 N. W. 398; 29 L. R. A. 390; 134 Ill. 170; 25 N. E. 676; 10 L. R. A. 215; 91 U. S. 257; 8 Cal. 227; 103 U. S. 164, etc.  The Legislature can not prescribe different qualifications for voters from those prescribed in the Constitution.  73 N. C. 198, 21 Am. Rep. 465.  The annual school election is an election within the meaning of the law.  6 Ark. 131; 40 *Id.* 97; 43 *Id.* 413-15; 53 *Id.* 334; Kirby's Digest, § § 7588-9.

3. A statute imposing qualifications as to residence or payment of taxes different from those imposed by the Constitution is void.  2 Pa. Dist. Rep. 769; 35 Ind. 485; 9 Am. Rep. 754; 73 N. C. 198; 21 Am. Rep. 465; 9 Wis. 279; 5 *Id.* 308; 53 *Id.* 45; 24 Ark. 167; 135 S. W. 309; 173 *Id.* 788.

4. Where the Legislature takes up a whole subject anew and covers the entire ground of the subject-matter of a former statute and evidently intended it as a substitute for it, the prior act is repealed. 10 Ark. 588; 31 *Id.* 17; 46 *Id.* 438; 65 *Id.* 508; 70 *Id.* 25; 4 L. R. A. 308. The act 1901 attempts to provide that persons residing in one county may vote in another county by simply transferring their children and property for educational purposes. Act 1903, Kirby & Castle's Dig., § 9490. It is not within the power of the county court to transfer adult persons from one school district to another. 35 Cyc. 875; 171 Ind. 268; 86 N. E. 49; 165 Ind. 377, etc. School elections are elections within the meaning of the Constitution. Cooley, Torts, 289; 45 Ark. 124; 27 *Id.* 116; 29 *Id.* 340; 32 *Id.* 496 88 S. W. 2. School directors are public officers. 81 S. W. 1237; 88 *Id.* 1; 79 N. E. 481; 84 Ark. 540; 87 *Id.* 941; 49 *Id.* 705. No one except a constitutional voter can vote for a public officer. Cases *supra.*

*W. C. Rodgers,* for appellees.

1. The provisions of the statute are not unconstitutional. Kirby's Digest, § § 7639, 7641, etc. 99 Ark. 1, 14; 77 *Id.* 250-7; 93 *Id.* 612, 617.

2. A school district is a *quasi*-corporation, and, while ballots are used, the proceedings are not an election within the meaning of the statute. 43 Ark. 413, 415.

The act is reasonable and consistent. Acts 1909, p. 947. See 35 Ark. 414, 422; 56 *Id.* 110-115; 56 *Id.* 112, etc. The decree is correct, and should be affirmed. Under the Constitution the Legislature may make any one competent to vote in mere school elections. There is no inhibition against it. See Mansf. Dig., § § 4877-8; 35 Ark. 414, 422; 35 *Id.* 110-115; 56 *Id.* 110, etc.

SMITH, J. Appellees were the plaintiffs in the court below, and their complaint contained the following allegations: That they were citizens, residents and taxpayers living and residing in a common school district in

Howard County, adjoining School District No. 36 of Pike County, which district, through its directors, was made a defendant, and that each of the plaintiffs had children of scholastic age who were entitled to the common school privileges. That they and their children, with their school taxes, had been regularly transferred from a school district in Howard County to an adjoining district in Pike County, which had since been organized into a rural special school district, since which time the children of plaintiffs had been denied the privileges of the district into which they had been transferred, and the plaintiffs themselves had been denied the right to vote in the school elections or to a voice in the annual school meeting, and the school directors have announced their intention to continue to deny to the children of the plaintiffs the privileges of the school of the district and to deny to the plaintiffs themselves the right to vote at the school election or to participate in the annual school meeting. There was a prayer that the directors be enjoined from the execution of this alleged illegal purpose.

A demurrer was interposed to this complaint, which was overruled, and the defendants elected to stand upon their demurrer, and final judgment was rendered in favor of appellees, and this appeal has been prosecuted to reverse that decree.

The parties agree that the controlling question in the case is the constitutionality of the act of May 23, 1901 (Acts 1901, page 354), which appears as section 7642 of Kirby's Digest. This section is as follows:

"Section 7642. Whenever any person or persons transfer from one school district to another school district across a county line, it shall be the duty of the directors of said district to which said person or persons have transferred to allow all qualified electors that have transferred across the county line to vote in said school election the same as if he lived in the same county; and when a tax is levied the directors shall notify the county judge in the county where said transferrers live the amount of

taxes levied and the names of all taxpayers who have transferred into said district across the county line, and the county judge shall cause the levy to be made. It shall be the duty of the collector of taxes to collect the school tax from said person or persons who have transferred and to turn it over to the treasurer of his county, and the treasurer shall notify the directors of the school district where said transfer was made the amount of taxes in his hands to their credit, and said directors shall draw their warrant on said treasury for the same, and he shall pay said warrant to the amount of all in the treasury to their credit in the same manner as if the said directors lived in his county. Any officer wilfully violating any of the provisions of this act shall be fined in any sum not to exceed twenty-five dollars.''

It will be observed that this section affords authority for the transfer of children across a county line into another district, along with the taxes due by the parent of the children thus transferred, and the section confers upon such parent the right to vote in the district to which his children and taxes are transferred, notwithstanding the fact that no change of residence has taken place.

(1) It is thoroughly well settled that the control of the Legislature over the organization of school districts, and of changes in their boundaries, is plenary, and the Legislature may, itself, exercise this power, or it may confer it upon other agencies of government. *Norton* v. *Lakeside Special School District,* 97 Ark. 71; *School District No. 4* v. *School District No. 84,* 93 Ark. 109; *Special School District* v. *Howard,* 124 Ark. 475.

There had previously been legislation of substantially similar purport enacted by the sessions of the General Assembly of 1891 and 1897. See sections 7639, 7640 and 7641 of Kirby's Digest.

The Legislature conferred upon the county court the authority to make the necessary transfers when proper petitions had been filed, and vested the court with a discretion in passing upon such petitions. We think it clear,

from the history of this legislation, that the provisions of this act of 1901 (section 7642 of Kirby's Digest) are separable, and that the entire act will not fail because the Legislature may have, in some respects, transcended its power. *Davis* v. *State,* 126 Ark. 260, 190 S. W. 436.

Has the Legislature transcended its authority in any respect in the enactment of the legislation under review?

(2-3)   The Constitution has prescribed the qualifications of an elector, and, having done so, it is beyond the power of the Legislature to prescribe other or different qualifications. Section 1 of article 3 of the Constitution of 1874 covered this subject. The qualifications there prescribed are that one shall be a male citizen of the United States, or a person who has declared his intion of becoming a citizen of the same, of the age of twenty-one years, who has resided in the State twelve months, in the county six months, and in the voting precinct or ward one month next preceding the election where he may propose to vote. This section of the original Constitution has been amended by a vote of the people through the adoption of the amendment known as Amendment No. 9, or the Poll Tax Amendment, and which has become article 28 of the Constitution. This amendment contains an exception against persons convicted of felonies under laws passed by the General Assembly, and imposes the additional requirement of the payment of a poll tax, but excepts from the poll tax requirement persons coming of age since the time of assessing taxes next preceding the election. It is essential, therefore, that one shall have resided in the State for one year; that he shall have resided in the county for six months, and that he shall have resided in the precinct, town or ward one month next preceding the election at which he proposes to vote, and shall have provided himself with a poll tax receipt if he was subject to the payment of that tax. Residence is, therefore, an essential prerequisite without which one can not become qualified to vote, and this residence must be in the county in which

he proposes to vote, and in the precinct, town or ward in which he proposes to vote. He can vote where he resides, and not elsewhere.

(4) Section 7588 of Kirby's Digest provides that "each school district, for the purpose of school elections alone, shall be a political township." As school districts are made political townships for the purpose of school elections, it must necessarily follow that the elector must reside in the district in which he proposes to vote. And the right to vote there is conferred by residence, and can not be conferred without residence. No order of the county court can confer that right, nor can any order of that court deprive one of it. The Constitution has made residence a prerequisite, and the Legislature can not dispense with it. The Legislature may dissolve districts. may change the boundaries of districts, may authorize the transfer of children, and may authorize the transfer of the taxes of the taxpayer whose children are transferred, because there is no constitutional inhibition against such legislation. But it is a different proposition to undertake to dispense with a constitutional requirement. We do not have before us the case of a school district lying partly in one county, and partly in another. The elector in such a district votes in his own district, and in his own county, although a portion of the district lies in another county.

(5) A school election is a legal election, and one voting thereat must possess the qualifications of an elector. The general election laws do not apply to school elections, so far as prescribing the manner of holding such elections is concerned, unless the county court, at the April term thereof, shall make and enter an order adjudging that the general election law shall apply to the school election to be held that year. Section 7591 of Kirby's Digest. But whether held under the general election law or not, one must possess the qualifications of an elector to vote thereat. In the case of *White* v. *McHughes,* 97 Ark. 221, which was a contest over an elec-

tion for school director, it was held that one must have a poll tax receipt to vote in such election. And, of course, a poll tax receipt is only one of the qualifications of an elector. Its possession alone does not qualify one to vote. It qualifies only the male citizen, whose period of residence and whose age meets the requirements of the Constitution. And if it is essential that he possess one qualification, then it must be equally essential that he possess the other, and, if he can not vote without a poll tax receipt, he can not vote without having acquired the qualification of residence.

If there was ever any doubt about the fact that electors only could vote at school elections, that doubt would be dispelled by the amendment adopted by the vote of the people at the last general election authorizing the vote of twelve mills for local school purposes. It is there provided that this may be done by a "vote of the qualified electors of such district." An enabling act, passed by the General Assembly at its 1917 session, has made this amendment to the Constitution effective.

(6) It follows, therefore, that the directors of the school district have no right to deny to the children of appellees the privileges of the schools of that district so long as valid subsisting orders of the county court are outstanding directing the transfer of these children, and the taxes of their parents to the defendant school district; but that the directors of the district are correct in refusing to grant citizens the privilege of voting in a district in which they do not reside. The decree of the court below will be reversed and the cause remanded with directions to the court below to dissolve its injunction, and to enter a decree in accordance with this opinion.