## JONES *v.* SMITH.

### Opinion delivered September 29, 1924.

1. ELECTIONS—RIGHT OF ABSENTEE ELECTORS TO VOTE.—Crawford & Moses' Dig., § 3810 *et seq.*, providing that electors unavoidably absent on the day of a general or primary election may cast their votes in any other county and have their ballots forwarded to the county of their residence, to be there counted, does not violate § 1 of art. 3 of the Constitution, which prescribes the qualifications of electors.

2. STATUTES—RULE OF EJUSDEM GENERIS.—Where a detailed enumeration embraces all the things capable of being classed as of their kind, and general words are added, they must be applied to things of a different kind from those enumerated.

3. ELECTIONS—CONSTRUCTION OF ABSENTEE VOTERS STATUTE.—Under Crawford & Moses' Dig., § 3810, authorizing "any employee of any railroad company, traveling salesman, student of any college of this State, or other person," who may be unavoidably absent from the county in which he resides, to deposit his vote at any voting precinct within the State, the words "or other person" are general and not limited to the classes of persons specifically named.

4. ELECTIONS—VOTERS UNAVOIDABLY ABSENT.—In authorizing electors "unavoidably" absent from the county of their residence to vote

at any voting precinct in the State, the statute has reference to unavoidability on account of ordinary duties, occupation or business.

Appeal from Howard Circuit Court; *B. E. Isbell,* Judge; affirmed.

*W. C. Rodgers,* for appellant.

1. The absentee voters in this case do not come within the statute, C. & M. Digest, § 3810, allowing absentees to vote in certain instances. The object to be attained and purpose of the Legislature must be kept in mind in construing the statute. 109 Ark. 556, 563; 132 Ark. 1, 7. Under the well established rule of construction which confines the meaning of additional and general descriptive words to the class to which the preceding specific words belong, the words "or other person," clearly belong to the class of persons coming within the the terms "employee of any railroad company, traveling salesman, student of any college in this State." 73 Ark. 600, 602; 95 Ark. 114, 116.

2. The statute itself is unconstitutional. Art. 1, § 3, Const. 1874. We are necessarily dealing with a legal election, since primary elections are made such by statute, C. & M. Digest, § 3780. That the statute in question, C. & M., § 3810, is unconstitutional, is shown, we think, by the opinion in *Jones* v. *Floyd,* 129 Ark. 185, 191. See also 50 Ark. 85.

*George R. Steel* and *W. P. Feazel,* for appellee.

1. If it had been the intention of the Legislature to limit the right to vote under the absentee law, to the three classes named, railroad employees, traveling salesmen and students, it would certainly have omitted the words "or other person." Appellant's contention would render that phrase meaningless and superfluous. The Legislature clearly had in mind persons other than those specified. 133 Ark. 587; 136 Ark. 533; Century Dict., "Other"; 106 Ark. 376. We do not think the statute is susceptible of the construction that it refers to persons who are far away from their homes on election day, as is contended by appellant. Absence from his

county because of his duties and employment brings the voter within the purview of the statute, without reference to the distance.

2. The statute is not unconstitutional. *Jones* v. *Floyd,* 129 Ark. 185, cited by appellant, bears no analogy to this case. The procedure prescribed by this statute does not, where complied with, constitute voting in the county where the absent voter happens to be on the day of the election, but merely furnishes the voter, who is unavoidably absent, a method of voting in his own county and precinct, notwithstanding his physical absence. Moreover, constitutional provisions do not apply to primary elections. 159 Ark. 207; 160 Ark. 274.

McCULLOCH, C. J. Appellant and appellee were rival candidates at the primary election of the Democratic party on August 12, 1924, for the office of circuit clerk of Howard County, and appellee was, by the canvassing board of that county, returned as the party's nominee for that office by a majority of six votes. Appellant instituted a contest against appellee for the nomination in the circuit court of Howard County, and a final judgment was rendered, after hearing testimony, in favor of appellee, upon a finding by the court that appellee had received a majority of nine votes.

Under the statute authorizing absentee residents of a county to vote (Crawford & Moses' Digest, § 3810 *et seq.*), there were forty votes cast, most of them for appellee, and the result of this contest turns upon the question of the validity of those votes. The facts with reference to the casting of each of these votes were the same, and, if the ballots are valid, appellee has won the nomination; but, on the other hand, if the ballots are invalid, appellant has won the nomination.

The absentee voters were severally residents of various townships in Howard County, but, on the day of the election, they were in Pike County, which adjoins Howard, and were engaged as laborers in the harvesting of peaches in a large orchard in Pike County. It has been shown that this orchard where the voters in question

worked was located about four miles from the Howard County line.

It is contended that the statute, in attempting to confer the right on absentees to vote in elections, is violative of that clause of the Constitution (art. 3, § 1) which prescribes, among the qualifications of an elector, that he must have "resided in the State twelve months, and in the county six months, and in the voting precinct or ward one month next preceding any election where he may propose to vote." The statute authorizing absentees to vote at elections applied both to general and primary elections. It provides that "any employee of any railroad company, traveling salesman, student of any college of this State, or other person, being a qualified elector of the State of Arkansas, who may, on the occurrence of any general or primary election, be unavoidably absent from the county in which he resides and is a qualified elector therein, because his duties, occupation or business require him to be elsewhere within the State on the day of any general or primary election," may vote for any township, county, district or State officer, etc. The statute further provides a method whereby an absentee from his county may vote. It provides that the voter shall present himself to the election officers of any precinct where he may be on the day of the election, and tender his ballot, together with an affidavit in prescribed form, and that the ballot shall be received by the election officers, sealed in an envelope and delivered to the county clerk of that county, who is to forward the same to the county clerk of the voter's residence, and that the latter shall preserve the ballot and deliver it to the canvassing board of the county when the same is convened for the purpose of canvassing the returns. The statute further provides that the ballot, if found to be legal, shall be returned among the ballots of the township in which the absent voter resides.

The argument of counsel for appellant is that the statute attempts, in violation of the Constitution, to permit a person to vote outside of the county of his residence,

but we are of the opinion that this argument is unsound. A ballot cast pursuant to this statute is, in effect, one cast in the county, township and voting precinct of the absent voter, even though the voting process begins in another county. The Constitution does not specify the method of conducting an election, except that the election shall be by ballot, that the election officers shall be sworn not to disclose how any elector shall have voted, except when required to do so in a judicial proceeding, and that each ballot "shall be numbered in the order in which it shall be received, and the number recorded by the election officers on the list of voters opposite the name of the elector who presents the ballot." Art. 3, § 3. Aside from those constitutional restrictions, the Legislature has power to devise the method for conducting an election, and to provide for election officers charged with the duty of complying with the constitutional requirements, so this statute does not violate those limitations mentioned above by allowing absent voters to deliver their ballots to election officers in other counties, to be forwarded to the county of the voters' residence and there returned as a part of the ballots in that county. We have nothing to do with the question of the wisdom or policy of granting this privilege to absent voters, but we find nothing in the Constitution which prohibits the Legislature from authorizing ballots to be cast in that manner, for the effect is to allow the ballot to be cast in the voting precinct where the absent voter resides, and all of the requirements of the Constitution are thus complied with with respect to the election being by ballot and each ballot numbered and recorded. This is all done by the machinery provided in the statute which authorizes absentees to vote.

Counsel relies on the case of *Jones* v. *Floyd*, 129 Ark. 185, as a decision in favor of his contention, but we find nothing in that case which has any bearing on the question involved in the present one. In that case we dealt with a statute which provided that, where any person was transferred by order of the county court from one school district to a school district in another county,

he should have the right to vote in the district to which he had been transferred, and we held that the statute was in conflict with the constitutional provision hereinbefore referred to. The Constitution prescribes residence as a qualification, and the statute under consideration in that case attempted to grant the elective franchise to a person who was not a resident of the county or district, and we decided that the statute was void. The statute under consideration in the present case does not attempt to permit a voter to cast his ballot outside of the county or precinct of his residence. On the contrary, the statute merely permits him, in case of absence from the county, to deposit his ballot, to be forwarded to the county of his residence and there to be treated as one of the ballots cast in the township where the voter resides.

It is also contended that these voters did not come within the class of persons mentioned in the statute who may take advantage of the privilege of voting when absent from the county. It is not shown that the voters in question were employees of "any railroad company, traveling salesmen, student of any college of this State," and it is insisted that the words "or other person" should be construed, under the rule of *ejusdem generis,* to apply only to the same class of persons specifically mentioned. We have often held that the rule referred to should be employed only to aid in construing a statute rather than to control the construction in the face of the expressed meaning of the lawmakers, and that, "where the detailed enumeration embraces all the things capable of being classed as of their kind, and general words are added, they must be applied to things of a different kind from those enumerated." *Wallis* v. *State,* 54 Ark. 611; *American B. & L. Assn.* v. *State,* 147 Ark. 80; *Mason* v. *Inter-City Terminal Ry. Co.,* 158 Ark. 542. In the present instance, if the words "or other person" be construed to have reference alone to persons of the class specifically enumerated, then no meaning whatever is given to them, and they are entirely eliminated from the effect to be given to the statute.

It is further contended that the voters in the present instance were not entitled to the privilege of casting their ballots as absentees, for the reason that they were only a short distance away from the county line, and are not shown to have been in fact unavoidably absent from the county. It is unnecessary to decide in this case to what extent there may be a judicial determination of the question of unavoidability of the absence of such a voter from his county, for the evidence shows that these voters were in fact absent on account of being laborers in an orchard where peaches were being harvested, and their duties as such laborers brought them within the terms of the statute. The language of the statute has reference to unavoidability on account of ordinary duties, occupation or business. It is a relative term when thus employed, and its extent cannot be accurately measured or defined, therefore in any judicial review much latitude must at least be allowed the voter in determining whether or not his absence is unavoidable.

Our conclusion upon the whole case is that the decision of the trial court was correct in allowing the ballots of the absent voters to be counted, and the judgment is therefore affirmed.