ALLEN *v*. HARMONY GROVE CONSOLIDATED SCHOOL DISTRICT No. 19.

Opinion delivered October 31, 1927.

1. SCHOOLS AND SCHOOL DISTRICTS—VALIDITY OF ORDER CONSOLIDATING DISTRICTS.—Where an election was held on the question of the proposed consolidation of three school districts, the board of education erred in making an order consolidating two of the districts, where a majority of the electors of one of the three districts voted against consolidation, the consent of each of the three districts being essential to a valid order, under Crawford & Moses' Dig., § 8846.

2. SCHOOLS AND SCHOOL DISTRICTS—IRREGULARITY IN CONSOLIDATING DISTRICT—CURATIVE ACT.—Irregularities in orders of the board of education in consolidating the two of three school districts and dissolving a separate district, under Crawford & Moses' Dig., §§ 8846, 8869, were validated by Acts 1927, p. 549.

Appeal from Saline Chancery Court; *W. R. Duffie,* Chancellor; affirmed.

*Wallace Townsend,* for appellant.

*Brouse & McDaniel,* for appellee.

SMITH, J.    Harmony Grove Consolidated School District No. 19 of Saline County was organized by the board of education of that county by an order made September 18, 1925, and by a subsequent order made March 12, 1927, which dissolved Haskell School District No. 66 and added the territory of that district to the consolidated district. The directors of the consolidated district caused notice to be published, prior to the annual school meeting held in May, 1927, calling upon the electors of the district to vote for or against a building fund, and, at the election

held pursuant to this notice, a majority of the electors voted for a six-mill building fund. After this election the school directors advertised for bids for the sale of $20,000 of the bonds of the district, and let a contract for the erection of a school building to be paid for out of this bond issue.

B. F. Allen, who is a resident and taxpayer in the consolidated district, brought this suit to enjoin the issuance of these bonds upon the ground that the consolidated district had not been properly organized.

An answer was filed by the directors on behalf of the district, in which the proceedings whereby the consolidated district had been organized were set out, and to this answer a demurrer was filed. The demurrer was overruled, and the taxpayer elected to stand thereon, and the case was submitted, as the decree recites, upon the complaint and the answer and exhibits to the answer, and the relief prayed by the taxpayer was denied and his complaint dismissed, and this appeal is from that decree.

The answer alleged that on July 31, 1926, an election was held under an order of the county board of education, made pursuant to a proper petition therefor upon the question of the proposed consolidation of Districts Nos. 11, 21 and 41, and at this election a majority of the qualified electors of Districts Nos. 11 and 41 voted for consolidation, but in District No. 21 a majority voted against consolidation. Whereupon the directors of Districts Nos. 11 and 41 presented a petition to the board of education for the consolidation of those districts, it being therein stated that a majority of the electors of these districts had voted for the consolidation, and on September 18, 1926, the board of education made an order consolidating these districts into one district, to be known as Harmony Grove Consolidated District No. 19 of Saline County.

On March 12, 1927, the board of education heard and considered a petition signed by persons who denominated themselves as *patrons* of Haskell School District

No. 66, praying that the district be dissolved and its territory added to and made a part of Consolidated District No. 19. The board found that this petition contained the signatures of a majority of the *electors* of District No. 66, and made the order as prayed.

The complaint of the taxpayer alleged that the notice of the election called upon the electors to vote upon the question of creating a building fund, but did not specifically state that the voters would also be asked to authorize a bond issue as a means of providing funds to erect the school building, and the taxpayer insists that the authority to issue bonds does not exist because of that omission and the failure of the electors to specifically vote for a bond issue.

We think the board of education was in error in making the order consolidating Districts Nos. 11 and 41. It is true a majority of the electors of those districts voted for the consolidation, but the question submitted was not whether those two districts should be consolidated, but was whether districts Nos. 11, 21 and 41 should be consolidated, and the statute requires that "a majority of the qualified voters of each school district proposing to enter into the consolidation" shall be obtained, and the consent of all three districts was essential to the making of a valid order of consolidation. Section 8846, C. & M. Digest.

Appellant also contends that the action of the county board of education in dissolving District No. 66 and in attaching its territory to the consolidated district was void because the petitioners praying that order designated themselves as *patrons* whereas the statute (§ 8869, C. & M. Digest) provides that this may be done upon the petition of a "majority of the *electors* residing in such district." The board of education, in making the order dissolving District No. 66, found that a majority of the electors had petitioned that the order of dissolution be made.

However, upon both these questions, that is, the creation of the original consolidated district and the sub-

sequent annexation of District No. 66, it may be said that these orders of the board of education were validated by act 156 of the Acts of 1927. (Acts 1927, page 549). This act amends § 8823, C. & M. Digest, and gives the board of education enlarged powers in the matter of the creation and consolidation of school districts and in changing the boundaries thereof, and further provides that "in all cases the proceedings heretofore done by county boards of education are hereby ratified and declared valid."

This curative act was obviously passed for the purpose of curing any defective proceedings in the consolidation, etc., of school districts, such as are found to exist in the proceedings here under review.

We are of the opinion that the act does cure the irregularities set out above, as many acts of this kind have been approved by this court. In *Green* v. *Abraham,* 43 Ark. 420, the court quoted and approved the following statement of the law from Cooley's Constitutional Limitations, § 483:

"The rule applicable to cases of this description is substantially the following: If the thing wanting, or failed to be done, and which constitutes the defect in the proceedings, is something the necessity for which the Legislature might have dispensed with by prior statute, then it is not beyond the power of the Legislature to dispense with it by subsequent statute. And if the irregularity consists in doing some act, or in the mode or manner of doing some act which the Legislature might have made immaterial by prior law, it is equally competent to make the same immaterial by a subsequent law."

This language was again quoted and approved in the case of *Faver* v. *Wayne,* 134 Ark. 30, 203 S. W. 22, after which it was said that "this rule has repeatedly been followed since," and the following cases were there cited as instances in which that had been done: *Bell* v. *Phillips,* 116 Ark. 177, 172 S. W. 864; *Pelt* v. *Payne,* 90 Ark. 603, 20 S. W. 426, 134 Am. St. Rep. 45; *Stuttgart* v. *John,* 85 Ark. 525; 109 S. W. 541; *Lanzer* v. *Butt,* 84 Ark.

339, 105 S. W. 595; and *Sudberry* v. *Graves,* 83 Ark. 384, 103 S. W. 728.

In the early case of *Allen* v. *Archer,* 49 Maine 346, the Supreme Court of that State said it was competent for the Legislature to make valid the action of a town in changing the limits of a school district which would otherwise be void on account of some informality or technical defect.

We have many times recognized the plenary power of the General Assembly in organizing and dissolving school districts, and, in the case of *Jones* v. *Floyd,* 129 Ark. 185, 195 S. W. 360, we held, quoting a syllabus: "The control of the Legislature over the organization of school districts and of changes in their boundaries is plenary, and the Legislature may itself exercise this power, or it may confer it upon other agencies of government."

As the General Assembly might itself have consolidated these districts, and might have dissolved District No. 66 by its own action, or might have conferred the power so to do upon an agency of its own creation, and could have prescribed the procedure for so doing, it follows that the General Assembly had the right to cure and confirm the action of the board of education, and we therefore hold that the irregular orders of the board of education have been cured, confirmed and made valid.

Upon the question of the authority of the board of directors of the consolidated district to issue bonds, it may be said that the electors of the consolidated district voted a building fund of six mills, and by § 8976, C. & M. Digest, it is provided that, "If a majority of the votes cast are 'For Building Fund,' it shall be equivalent to voting a building tax of the amount or rate as determined by this section for each succeeding year until the money borrowed by the board of directors, pursuant to such vote, together with all interest thereon, shall have been fully paid. When a building fund has been specially voted for, as provided in this section, the board of directors may borrow money and mortgage the real

property of the district as security therefor, under such conditions and regulations as to amount, time and manner of payment as the board of directors shall determine, and may, from time to time, renew or extend any evidence of indebtedness or mortgage issued or executed hereunder." *Connelly* v. *Earl Frazier Special School District,* 170 Ark. 135, 279 S. W. 13; *Davis* v. *White,* 171 Ark. 385, 284 S. W. 764.

The court below was correct in refusing to enjoin the bond issue as prayed by the appellant, and the decree will therefore be affirmed.