WHITE RIVER LEVEE DISTRICT *v.* BEEMAN.

4-9642                                   245 S. W. 2d 807

Opinion delivered January 28, 1952.

*Sharp & Sharp,* for appellant.

*John D. Eldridge, Jr.,* and *J. Ford Smith,* for appellee.

GEORGE ROSE SMITH, J. This suit was brought by the appellee, Burl Beeman, to recover damages for injuries inflicted upon his land by the appellant, White River Levee District. It is the plaintiff's theory that the District wrongfully removed an old levee and thereby exposed the plaintiff's land to overflow from the White River. The District contends that under our decisions the landowner cannot recover for the withdrawal of levee protection and that in any event Beeman accepted a payment of $400 in 1946 as a settlement of all his claims for damages. The trial judge allowed the case to go to the jury, which returned a verdict for the plaintiff in the amount of $2,450.

Beeman's land lies along the river and for many years was protected by the District's original levee. In 1946 the District decided to supplement part of the old levee with a setback levee, so situated that Beeman's land lies between the old levee and the new one just below the point at which the upstream end of the setback levee joins the original levee. The plans for the setback levee were made a matter of public record and showed that the old levee would be left intact down to a point on the river far below Beeman's land.

The upper end of the setback levee was to cross Beeman's property; so the parties negotiated the matter of a right-of-way and damages. On May 22, 1946, Beeman wrote the District that he would accept $2,000 and certain quitclaim deeds in return for the necessary right-of-way for the new levee, that the District should at its own expense move Beeman's houses and barns to the land side of the new levee, that the District should pay

for crops growing on the right-of-way for the new levee, and that Beeman would accept $400 for incidental damages. The District accepted this offer, and deeds were accordingly exchanged. Beeman's conveyance of the right-of-way recites that he releases the District from any claims "resulting from the building" of the new levee. The District's conveyance included land occupied by the old levee.

The setback levee was completed in 1948. A flood occurred in 1949, and after a study of its effects the District decided that the old levee which was still protecting Beeman's land should be removed in order to widen the river's potential channel. About half the old levee had been removed by the District when Beeman discovered what was being done, stopped the workmen, and brought this suit. There was testimony to prove that the partial removal of the old levee had damaged Beeman's land by permitting flood waters to race across it, cutting gullies, preventing the cultivation of the land, etc.

The District first contends that it is not liable for damages resulting from the withdrawal of levee protection. Typical of the cases relied upon is *City Oil Works* v. *Helena Imp. Dist. No. 1,* 149 Ark. 285, 232 S. W. 28, 20 A. L. R. 296. In that case a mill which had been protected by the old levee was left exposed to floods when a setback levee was constructed. We followed the common law in holding that the owner was not entitled to damages because his property was left outside the levee. We have other decisions to the same effect.

But the appellant overlooks the fact that the rather harsh common law rule has been modified by Act 14 of 1932, Ark. Stats. 1947, § 21-636. In the preamble to that statute the legislature recognized the undesirability of denying damages to one who constructs improvements upon the assumption that an existing levee will continue to protect him and who is later exposed to overflow by a setback levee. The body of the statute permits levee districts to agree to pay damages resulting from the construction of setback levees, including damages for the

withdrawal of levee protection. The emergency clause declared that the law was needed to enable levee districts to construct setback levees without vexatious litigation. We held the statute valid in *Howington* v. *Friend,* 187 Ark. 411, 61 S. W. 2d 62; see also *Crain* v. *St. Francis Levee Dist.,* 190 Ark. 305, 79 S. W. 2d 87.

The record does not affirmatively show that the District's commissioners had this statute in mind when they agreed to pay Beeman's damages in 1946, but neither is there suggested any other theory by which the commissioners expended the District's funds to pay claims for which the District may not have been liable apart from the statute. In this situation it is clear that the District brought itself within the purview of the statute when it agreed to pay the cost of removing houses and the value of crops, both of which are specifically mentioned in the statute.

When those payments were made neither party contemplated the complete withdrawal of levee protection. The District's plans showed that the old levee was to be left undisturbed. Beeman testified that he would not have made the settlement had he known that the existing levee, which he could maintain at slight expense, was to be removed. The District cannot be permitted to take advantage of the statute in settling some items of damage in 1946, thereby avoiding the vexatious litigation mentioned in the emergency clause, and then to ignore the statute when an additional item of damage arises three years later.

The trial court let the case go to the jury upon the theory that the District would be liable for using Beeman's land as a channel for floods, thus imposing an additional servitude upon the land. See *Garland Levee Dist.* v. *Hutt,* 207 Ark. 784, 183 S. W. 2d 296. The imposition of such a servitude would be merely one factor in the complete withdrawal of levee protection, and therefore the District cannot complain of the court's action in submitting to the jury a theory that was more favorable to the District than it need have been.

The District also contends that the release contained in Beeman's deed to the District extinguished his present claim. At that time it was not understood by either party that the old levee would be removed; so the release could not have been meant to include the demand now asserted. Beeman released the District from all liability for constructing the new levee, which made access to Beeman's land more difficult, but there is nothing in the written agreement to indicate that a claim for the withdrawal of levee protection was being settled.

Affirmed.