**Amando PENA et al., Appellants,**

**v.**

**James A. JEFFRIES et al., Appellees.**

**No. 14430.**

Court of Civil Appeals of Texas.

San Antonio.

Oct. 13, 1965.

Frank R. Nye, Jr., Emilio F. Gutierrez, Rio Grande City, for appellant.

Hill, King & McKeithan, Mission, for appellee.

CADENA, Justice.

Appellants, Amando Pena and others, complain of the refusal of the trial court to enjoin the consummation of the sale of $80,000.00 in general obligation bonds of the Roma Independent School District to Ranson & Company, Inc., and Rauscher-Pierce Company.

The bonds in question have been involved in litigation, instigated by appellants, since their issuance was authorized by an overwhelming vote at a bond election held on July 27, 1963. On August 7, 1963, the school district, without inviting other bids, negotiated a sale of the bonds to Ranson & Company, Inc. The persons who are appellants here then sued to enjoin such sale on the ground that it was made without competitive bidding. After the trial court had refused the injuction, this Court in an opinion delivered on November 18, 1964 (No. 14296, Pena et al. v. Jeffries et al.), held that the negotiated sale without competitive bidding was invalid. On December 30, 1964, such opinion was withdrawn and the cause was remanded to the trial court because an indispensable party, the purchaser of the bonds, had not been joined. Neither of these opinions was reported.

Subsequently, the school district and Ranson & Company entered into an agreement rescinding the negotiated sale of August 7, 1963. On March 8, 1965, notice was mailed to sixty-four investment bankers in the State of Texas announcing that sealed bids for the bonds would be received by the school district until 8:00 p. m. Thursday, March 18, 1965. These sixty-four investment houses comprise all but one or two of the investment institutions which customarily deal in securities issued by Texas governmental units and which maintain offices in Texas. They include all resident members of the Municipal Advisory Council of Texas, an organization composed of firms which deal in governmental bonds.

A notice of the sale was also mailed to the Texas Bond Reporter, the official publication of the Municipal Advisory Council. An item concerning the sale of the bonds appeared in the issue of that publication which was dated Monday, March 5, 1965, but which was actually published and mailed to its subscribers on Friday, March 12. The only bid received by the school district was the combined bid of Ranson & Company, Inc., and Rauscher-Pierce Company, and it was accepted.

Appellants contend that the school district made no bona fide effort to invite competitive bidding. Art. 2786, Vernon's Ann.Civ.Stats., recites that all school district bonds "shall be sold to the highest bidder for not less than par value and accrued interest."

 The statute contains no provision requiring advertisement or publication of the notice of sale. However, it provides that the bonds shall be sold to the "highest bidder." From this language it can be inferred that the legislature contemplated that a good faith effort would be made by the issuing authority to secure competitive bidding. As stated above, invitations to bid were mailed to practically all persons or firms who might reasonably be expected to show interest in a relatively small amount of bonds issued by a relatively small school district. The uncontradicted testimony showed that the period intervening between the mailing of the notices and the date of sale was sufficient to permit any interested dealer to prepare and submit a bid. From this evidence, the trial judge was justified in finding that a good faith effort had been made to solicit proposals from a fair representation of persons or firms dealing in public securities. The fact that only two bond dealers showed an interest in the sale, and that they decided to submit a joint bid, does not establish as

a matter of law that no bona fide effort was made to attract competitive bidding.

 Appellants assert that the recital in the notice of sale that litigation was pending concerning the bonds was inserted for the purpose of discouraging bidders. The litigation referred to in this notice was the suit filed by appellants seeking to annul the negotiated sale of August 7, 1963. The notice stated that the district expected the litigation to be dismissed in time to permit delivery of the bonds on the date specified in the notice. Since the subject matter of the pending suit, the negotiated sale in 1963, had been rescinded, the school district had reasonable grounds to believe that the pending case had been rendered moot and would be dismissed. A motion to dismiss on the ground of mootness was actually filed before the date of sale. Under these circumstances, it cannot be said that the statements relating to litigation were made for the purpose of discouraging bidders. Fairness and candor required that prospective bidders be given such information. Further, the evidence showed that bond dealers in Texas were aware of the pending litigation.

Finally, appellants complain that no notice of the proposed sale was given to the patrons of the school district or published in any newspaper which circulated within the territorial limits of the district. As has already been noted, Art. 2786 does not require advertisement of the sale. No advertising is necessary where the applicable statute does not require it. Connelly v. Earl Frazier Special School Dist., 170 Ark. 135, 279 S.W. 13; Perkins v. City of Frankfort, Ky., 276 S.W.2d 449. Nor does the statute require that patrons of school districts be given notice of a bond sale.

The undisputed evidence showed that the sole bid received was not out of line with the prevailing state of the securities market at the time of the sale. It is not contended that the bonds were sold for less than par and accrued interest. There is no evidence indicating that additional bids would have been submitted had the district given notice for a longer period of time and advertised such notice locally.

Since the school district complied with the requirements of Art. 2786, and since the evidence supports the trial court's finding that a bona fide effort was made to attract competitive bids, the judgment below must be affirmed.