GACKING v. SCHOOL DISTRICT OF FORT SMITH.

Opinion delivered June 25, 1898.

SCHOOL DISTRICT—TRANSFER OF CHILDREN.—An order transferring the children of a resident of a school district to an adjoining school district for school purposes is abrogated by a subsequent order so changing the boundaries of the district of which he was a resident that it no longer adjoined the district to which the transfer was made.   (Page 428.)

Appeal from Sebastian Circuit Court, Fort Smith District.

EDGAR E. BRYANT, Judge.

### STATEMENT BY THE COURT.

The appellant, John W. Gacking, filed his petition in the circuit court of Sebastian county, praying for a writ of mandamus to compel the School District of Fort Smith to receive his child in its school without payment of tuition.   He alleged the following facts as a basis of his petition.   In December, 1895, Gacking lived in Sebastian county, in school district 21, which district adjoined the school district of Fort Smith.   On 6th of December, 1895, the county court made, on petition of Gacking, an order transferring the children of Gacking from school district 21 to the school district of Fort Smith for educational purposes only.   Afterwards, in 1896, the county court divided school district 21, in which Gacking resided, and created another school district (79); and the residence of Gacking is in said new district 79, which does not adjoin the school district of Fort Smith, but is separated therefrom by the old district 21.   After the creation of the new district 79, the school district of Fort Smith refused to receive the child of Gacking as a student in its school.

The circuit court sustained a demurrer to the petition stating above facts, and dismissed the action, and Gacking appealed.

*Winchester & Martin*, for appellant.

The transfer being properly made, it applied as well to a single school district as to any other. Sand. & H. Dig., § 7113; 63 Ark. 438.

*Chas. E. Warner*, for appellee.

Section 7113, Sand. & H. Dig., does not apply to single school districts. These schools differ materially from those organized under the general school laws of the state. Sand. & H. Dig., §§ 7088–7113; *ib.* §§ 6930–7087; 60 Ark. 124. Statutes are to be construed so as to avoid conflicts and implied repeals. 41 Ark. 151; 15 Ark. 584; 60 Ark. 124. The special school district act confers general powers on the board of directors to control the schools in such districts. Their consent is required in the administration of the schools. 49 Me. 346; 56 N. W. 234. Appellee's petition shows that he is not a resident of an *adjoining* school district. This is fatal to it. 10 Ill. App. 343; 122 Pa. St. 653.

RIDDICK, J., (after stating the facts.) We are of the opinion that the circuit court did not err in sustaining the demurrer to the petition of Gacking, and dismissing the action. We deem it unnecessary to determine whether the statute which empowers the county court to transfer the children of residents of one school district to an adjoining district for educational purposes (Sand. & H. Dig., § 7062) applies to single school districts of towns and cities; for, if we concede that the statute affected such districts, yet the county court, by the terms of the statute, can compel a school district to receive children from another district only when they are transferred from and reside in an adjoining district. Now, at the time the children of plaintiff were transferred to the school district of Fort Smith, plaintiff lived in an adjoining district; but afterwards a new district was made, and this new district, in which he now resides, does not adjoin the Fort Smith district. If the order transferring the children of plaintiff to the school

district of Fort Smith was valid when made, it was annulled or suspended by the subsequent order of the same court creating a new district, which includes the residence of plaintiff, and which does not adjoin the school district of Fort Smith. By the creation of such district so as to include the home of plaintiff, he and his children became members of the same, and the courts have no power to compel a non-adjoining district to receive his children in its schools. Sand. & H. Dig., § 7062. The transfer order mentioned above could not be effective after plaintiff ceased to reside in an adjoining district, and he is in the same situation as he would have been had he voluntarily moved his residence to a school district not adjoining that of the city of Fort Smith.

For these reasons, the judgment of the circuit court is affirmed.