SCHOOL DISTRICT NO. 4 *v.* SCHOOL DISTRICT NO. 84.

Opinion delivered January 3, 1910.

1. SCHOOLS—TRANSFER OF TAXES—EFFECT.—The transfer of a landowner's school tax from one school district to another does not have the effect of transferring such land, so as to transfer the school tax of a railway company which subsequently acquired an easement in the land; the easement and the fee being taxable separately. (Page 112.)

2. INJUNCTION—DIVERSION OF SCHOOL TAX.—Equity has jurisdiction to restrain the illegal diversion of a school tax. (Page 112.)

Appeal from Boone Chancery Court; *T. Haden Humphreys,* Chancellor; affirmed.

J. W. Story, for appellant.

Equity will not enjoin a judgment merely because it is void. The plaintiff must show in his bill for injunction that he had no adequate remedy at law, either by appeal from the judgment, or by certiorari, or by application to the court which rendered the judgment, or in other legal manner. 48 Ark. 510; Id. 331; 58 Ark. 316; 82 Ark. 330; 55 Ark. 52. In this case injunction was sought on the ground that no notice was given of the application for the order. That such notice was not given appears on the face of the order and upon the record. If appellee had a right of action, he had a complete remedy by appeal or by certiorari. 82 Ark. 330; 55 Ark. 52; 68 Ark. 205. If the defect in the order did not appear of record, then the record could, and should, have been corrected so as to speak the truth. Kirby's Dig., § 4431; 33 Ark. 475; 75 Ark. 12; 51 Ark. 317; 40 Ark. 224. There is no allegation of accident, fraud or mistake, so as to afford ground for equitable interference. 73 Ark. 444; Black on Judgments, § 321.

2. Jones, his land and children, had been transferred in the manner provided by law to the appellant school district for educational purposes, previous to time the railway company obtained its easement over his land by an order of court; but the fee remained in Jones. 69 Ark. 569. Appellee is not chargeable with the education of Jones's children, and is not entitled to the taxes arising from the railroad located on said land.

Crump, Mitchell & Trimble, for appellee.

1. The chancery court had jurisdiction. The complaint alleges irreparable injury. 22 Cyc. 789; 30 Ark. 131. Jurisdiction also exists to avoid a multiplicity of suits. 30 Ark. 101. And because appellee had no complete and adequate remedy at law, either by certiorari or by appeal. The only relief that could have been obtained by way of certiorari would have been the cancellation of the order complained of as void for want of notice, which would have settled nothing, as the losing district could again have commenced suit, making appellee a party. No appeal from the order of the county court by this appellee would lie until it had been made a party. Moreover, an appeal afforded no adequate remedy as to the taxes for the present year, and none at all for future taxes. Chancery was the proper forum in which to settle finally the question of taxes, present and future. 16 Cyc.

60; 22 Cyc. 788; 33 Ark. 633. The statute authorizes the proceeding in equity. Kirby's Dig. § § 3966, 1285, 1294. If it be conceded that the complaint failed to state a cause of action cognizable in equity, appellant's answer and cross-complaint did state such a cause of action by its allegation that appellee had for two years previous converted the school funds, and prayer for judgment for same. 77 Ark. 575; 32 Ark. 545; 2 Story, Eq. Jur., 1252.

2. The order of the county court was void. 82 Ark. 330 and other cases cited by appellant; Black on Judgments, § 226. The statute, Kirby's Dig., § 7639, is personal to the one who seeks a transfer, and affects no property except his own. See also § § 7640, 7641, *Id.;* 69 Ark. 429. And appellant district has no right to the tax from the railway company's right of way. Kirby's Dig., § § 6940, 6945; 69 Ark. 569; Kirby's Dig., § 6976; Elliott on Railroads, § 739; 25 Am. & Eng. Enc. of L. (1st Ed.), 120; *Id.,* 130.

McCULLOCH, C. J. This is a controversy between two school districts of Boone County, Nos. 84 and 4, over the district school tax assessed against the St. Louis, Iron Mountain & Southern Railway Company on its roadbed and right of way located within the territorial boundaries of the first-mentioned district. J. C. Jones resided within the bounds of District No. 84, and owned a tract of land therein. During the year 1898 he obtained an order of the county court for educational purposes transferring his children and district school tax to District No. 4, which was an adjoining district. Subsequently the railway company constructed its railroad through District No. 84 and over and through Jones's land, after having condemned and paid for a right of way over the land.

In 1908 the county court made an order reciting the former order transferring Jones's children and school tax to District No. 4, and directed that the school tax assessed in District No. 84 against the railroad property be changed to the other district and paid over to the use of the other district. District No. 84 instituted the present action in the chancery court to restrain the enforcement of the order of the county court and the consequent diversion of the school tax belonging to that district. The court rendered a decree in favor of plaintiff, and defendant appealed.

The effect of the first order of the county court was merely to transfer the children of Jones and his district school tax to an adjoining district for educational purposes. Kirby's Dig., § § 7639-7644. The order did not have the effect of transferring the land owned by Jones from one district to another, nor of changing the boundary lines of the district so as to exclude it from the old district and include it in the new. A totally different method of procedure is provided by statute in case of proposed changes in the boundaries of school districts. Kirby's Dig., § § 7540, .7544. Any change in the ownership of the property taxed released the school tax levied thereon from the further operation of the court order transferring Jones's children and school taxes to another district, and left it free to be assessed in the school district wherein it was situated. Though the railway company acquired only an easement over the land, the fee remaining in the original owner, the property rights of the railway company were separate and distinct from the owner of the fee, and are separately taxed. The assessment for taxation of the property rights of the railway company in School District No. 84 was not affected by the prior transfer of Jones's school tax levied on the land out of which the railway company's easement was carved. It follows, therefore, that the school tax of the railway company was properly assessed in District No. 84, and the order of the county court changing it to the other district was void.

We are also of the opinion that a court of equity had jurisdiction to restrain the illegal diversion of the school tax. If the tax should, pursuant to the void order of the county court, be paid over to the credit of the other district and spent, the district to which it properly belonged would be remediless. The remedy at law is not complete, and a court of equity should interfere to give appropriate relief.

The decree is affirmed.