KRAUSE v. THOMPSON.

Opinion delivered May 5, 1919.

1. SCHOOLS AND SCHOOL DISTRICTS — CONTROL OF LEGISLATURE. — If Constitution, article 14, section 1, pledging the State to "maintain a general, suitable and efficient system of free schools, whereby all persons in the State between the ages of six and twenty-one years may receive gratuitous instruction" applies to the arrangement and management of school districts, it does not hamper the Legislature, whose control over the organization of school districts is supreme.

2. SAME—EQUALITY OF FACILITIES—School facilities must be afforded where taxation for maintenance is imposed, but approximate equality and uniformity is all that can be required, especially in location and maintenance of rural schools.

3. SAME—DIVERSION OF SCHOOL TAXES.—Acts 1919, No. 119, readjusting school districts, does not violate Constitution, article 14, section 3, prohibiting diversion of school taxes, in that, in sec-

tions 4 and 5 of the act, a temporary arrangement is made for maintenance of schools in a district which is added to another, the expense to be borne by the latter, which receives the taxes.

4. CONSTITUTIONAL LAW—OBLIGATION OF CONTRACTS.—Acts 1919, No. 119, readjusting school districts, does not impair the obligation of existing contracts of teachers of a district added to another, for, if any equities exist in favor or such teachers, they could still be properly adjusted.

5. APPEAL AND ERROR—REVIEW—CORRECT DECISION BUT WRONG REA-SON.—Where the chancellor properly sustained a demurrer to a complaint, but assigned an erroneous reason therefor, the cause will be affirmed.

Appeal from Johnson Chancery Court; *Jordan Sellers,* Chancellor; affirmed.

*J. W. Coffman* and *Covington & Grant,* for appellants.

1. The act is unconstitutional and void. It violates Art. 14, § 1, of the Constitution; also Art. 14, § 3. 120 Ark. 81-89; 124 *Id.* 475-7; 61 *Id.* 21; 112 *Id.* 437-441. If the act is upheld without sections 4, 5 and 9 it will not express the will of the Legislature, because these sections deal with matters that are not found elsewhere in the act, and the whole act must be construed together. The act plainly discriminates in favor of the schools at Lamar. This cannot be done. 103 Ark. 298-305. See also 97 Ark. 71-75. It violates the due process of law and equal protection clause. 86 Ark. 464; 217 U. S. 79; 81 Ark. 304; 211 U. S. 539. It infringes fundamental rights and violates the 14th Amendment to the U. S. Constitution. 74 Ark. 174; 204 U. S. 241.

2. The act and the compulsory school law cannot be read together. 204 S. W. 625.

3. It violates the obligations of. contracts. 124 Ark. 80-89.

4. The chancellor erred when he eliminated sections 4, 5 and 9 and upheld the other sections. 111 Ark. 108-119. The act is unconstitutional as a whole. Equal advantages should be given all the school children in Lamar and out in the country.

*Geo. O. Patterson* and *Evans & Evans,* for appellees.

1. The act is not unconstitutional. The Legislature has unrestricted power over school districts, their boundaries and the legislation is not affected by a failure to adjust all equities between the new and old districts. 111 Ark. 379; 129 *Id.* 185; 97 *Id.* 71; 93 *Id.* 109; 124 *Id.* 475; 103 *Id.* 298. The act violates no provision as to equality or uniformity or disbursement of funds. 120 Ark. 80; 37 L. R. A. (N. S.) 1110.

2. The act is presumed constitutional. 27 Ark. 202; 25 *Id.* 246. It is not shown unconstitutional. 39 Ark. 353; 93 Id. 612; 99 *Id.* 1. See also 100 *Id.* 175; 86 *Id.* 231; 86 *Id.* 412; 85 *Id.* 171; 66 *Id.* 466; 76 *Id.* 197; 77 *Id.* 250; 84 *Id.* 364.

3. The whole act is constitutional, but if certain sections are unconstitutional they should be stricken out and the remainder of the act be held valid. 129 Ark. 185; 126 *Id.* 260; 111 *Id.* 108.

4. The act, if special legislation, was properly passed and is constitutional. 48 Ark. 371; 66 *Id.* 579; 72 *Id.* 119; 92 *Id.* 1; 103 *Id.* 529; 78 *Id.* 118; 72 *Id.* 119; 103 *Id.* 127; 127 *Id.* 226.

5. Courts do not determine the wisdom or justice of legislation. 210 U. S. 281; 70 Ark. 549; 72 *Id.* 195; 65 *Id.* 521; 72 Ark. 195.

6. See also 102 Ark. 411. Neither by paragraph nor as as a whole does the complaint state a cause of action. None of the sections are violative of our Constitution, and the act should be sustained. *Supra.*

McCULLOCH, C. J. This appeal involves an attack on the validity of an act of the General Assembly of 1919 (Act No. 119) changing certain school districts in Johnson County. The statute abolishes Pittsburg School District No. 41 and annexes the territory thereof to Lamar Special School District No. 39. It abolishes Oakland Special School District No. 19 and annexes the greater portion of the territory to Lamar Special School District No. 39, and the remainder to Clarksville Special

School District No. 17. It detaches a portion of Breck-enridge School District No. 21 and annexes the detached portion to Clarksville Special School District No. 17. Sections 4 and 5 of the statute, which enter largely into the consideration in ascertaining the validity of the statute as a whole, read as follows:

"Section 4. Until such time as the patrons of Pitts-burg School District No. 41 and Oakland Special School District No. 19 which are hereby annexed to Lamar Special School District No. 39, shall by a majority peti-tion request their discontinuance, public schools shall be taught in each for a period not exceeding seven months during each year at the places where schools have here-tofore been taught and during such seasons as the patrons or a majority thereof may desire, and for such purpose not more than two teachers shall be employed by Lamar Special School District No. 39, and paid by said district for each of such schools. Such teachers shall be employed upon the recommendation of a majority of the patrons of each school and shall be paid the same salary as teachers in the public schools of Lamar are paid for like or similar services, but shall not be required to teach any study not taught in the 8th Grade of the Common School Course.

"Section 5. Until such time as the schools pro-vided for in Section 4 of this Act are discontinued, all revenues accruing to that part of Oakland Special School District No. 19, which is by this Act annexed to and made a part of Clarksville Special School District No. 17 shall be paid to Lamar Special School District No. 39, for the purpose of maintaining the school in said Oakland Special School District, thereafter the same shall be paid to Clarksville Special School District No. 17 and applied as other funds of said District."

Section 6 provides that upon the discontinuance of the schools mentioned in section 4, pupils residing in any portion of the annexed territory shall be furnished with convenient means of transportation over a certain

road now being constructed and improved. Section 9 reads as follows:

"Until such time as a public school shall be discontinued in Oakland Special School District No. 19 any students residing within the territory of said District herein annexed to Clarksville Special School District No. 17, may, upon their request made to the Board of Directors of said Clarksville District, be received into the schools of said District upon the same basis as students residing therein prior to this annexation."

This action was instituted by the directors of the several districts as they existed before dismemberment under the statute, and certain property owners and school patrons of each district also joined in the attack. The chancellor sustained a demurrer to the complaint, and appellants declining to plead further, the complaint was dismissed for want of equity, but the decree recites a finding by the court that sections 4, 5 and 9 of the statute are void, but that the remainder of the statute is valid.

The statute is assailed in the first place on the ground that it violates section 1, article 14 of the Constitution which pledges the State to "maintain a general, suitable and efficient system of free schools, whereby all persons in the State between the ages of six and twenty-one years may receive gratuitous instruction." If this section applies at all to the arrangement and management of school districts, it certainly does not hamper the Legislature in its control over that subject. We have frequently held that the legislative control over the organization of school districts and changes therein is supreme. *School District No. 4* v. *School District No. 84,* 93 Ark. 109; *Norton* v. *Lakeside Special School District,* 97 Ark. 71; *Special School District No. 2* v. *Special School District of Texarkana,* 111 Ark. 379; *Jones* v. *Floyd,* 129 Ark. 185.

School facilities must, of course, be afforded where taxation for the maintenance of the schools is imposed, but precise equality and uniformity is unattainable, espe-

cially in the matter of furnishing school facilities, for the reason that necessarily the location of rural schools is more accessible to some of the patrons than to others. Approximate equality and uniformity is all that is expected or required. There are no facts set forth in the complaint which would show such an arbitrary abuse of the legislative power in readjusting the districts as would justify the courts in interfering for the purpose of thwarting the legislative will.

Again it is urged that the statute is violative of that part of section 3, article 14, of the Constitution which prohibits the appropriation of school taxes "to any other purpose" or "to any other district than that for which it was levied;" and that it impairs the obligation of contracts with teachers in the old districts. It will be noticed that section 5 of the statute gives the school taxes on the property in the old Oakland Special School District to the Lamar District for the purpose of maintaining the school in that territory until they should be discontinued upon petition of the patrons, and when those schools are dicontinued the taxes on that part of the territory in Clarksville Special School District shall go to that district. This is not a violation of the provision of the Constitution which prohibits the diversion of school funds. This is a mere temporary arrangement while the school children in the territory transferred to Clarksville Special School District are being given facilities at the expense of the Lamar District. It is true that the tax is to go to Lamar District, but it is to be used entirely for the maintenance of the school for the children in the territory where the property is situated. It is no more an illegal diversion of the funds than the transfer of children and school funds from one school district to another under the statute (Kirby's Digest, sections 7639, 7640 and 7641) which this court has frequently upheld. *Gacking* v. *School District of Fort Smith*, 65 Ark. 427; *Norton* v. *Lakeside Special School District, supra; Special School District* v. *Eubanks*, 119 Ark. 117.

We held in one case that the transfer of a landowner's school tax did not transfer the land itself so as to change the boundaries of the district, and that that did not constitute a wrongful appropriation of the funds of one district to another. *School District No. 4* v. *School District No. 84, supra.* It is clear from the language of the statute that the patrons of the school residing in that part of the Oakland District which is annexed to Clarksville District are to be allowed school facilities until there is a discontinuance of the schools in that territory, as provided in section 4; but section 9 also accords the right of those patrons to transfer to the Clarksville District the same as if they were residents of another adjoining district.

There is no impairment of the obligations of any contract, for, if there are any equities arising out of contracts, they can yet be properly adjusted. *Special School District No. 2* v. *Special School District of Texarkana, supra.*

This disposes of all the objections made to the statute as a whole, and we are of the opinion that the act is valid.

The chancellor expressed his opinion in the recitals of the decree that certain sections are void, but that the remaining sections are separable and valid, and for that reason sustained the demurrer to the complaint. This is just an instance of an unsound reason being given for a correct decree, and does not call for a reversal of the decree. We hold that the statute is valid as a whole and do now so declare. The decree dismissing the complaint for want of equity is, therefore, correct, and the same is affirmed.