WHITE v. MILLER.

Opinion delivered January 16, 1928.

1. HIGHWAYS—IMPROPER TRANSFER OF ROAD FUNDS—JURISDICTION.— Chancery court has jurisdiction of a suit by taxpayers to enjoin the county treasurer from transferring funds derived from the collection of the 3-mill road tax in the township constituting a road district under Sp. & Priv. Acts 1911, p. 1025, to an account for general use in road and bridge work throughout the county, in violation of Crawford & Moses' Dig., § § 5278, 5490.

2. HIGHWAYS—EXPENDITURE OF TOWNSHIP ROAD FUNDS.—Acts 1899, p. 347, requiring the township road funds to be kept in separate accounts, and not expended for work in other townships, *held* not in conflict with the Road Tax Amendment, No. 3, which does not prohibit the expenditure of funds derived from the collection of such tax on road districts wherein voted.

3. HIGHWAYS—EXPENDITURE OF ROAD FUNDS.—Crawford & Moses' Dig., § § 5278, 5490, 5502, 5503, do not take from the county court its supervision over the expenditure of road funds, but merely regulate the expenditure of funds in road districts in which the funds are collected.

Appeal from Woodruff Chancery Court, Southern District; *A. L. Hutchins,* Chancellor; reversed.

*E. M. CarlLee* and *Ross Mathis,* for appellant.

*Roy D. Campbell,* for appellee.

HUMPHREYS, J. This action was instituted by appellants against appellee in the chancery court of Woodruff County, Southern District, for an injunction to prevent the transfer of the funds derived from the collection of the 3-mill road tax authorized by Amendment No. 3 (so numbered in Crawford & Moses' Digest) to the Constitution, to one account for use in general road and bridge work throughout the county. The case was disposed of by the trial court on the pleadings, consisting of the complaint and demurrer, which resulted in a decree dismissing the complaint for want of equity, from which is this appeal.

The material allegations of the complaint, according to the abstract of appellants, are as follows:

"That appellants are owners of land and taxpayers in Cotton Plant Township, and that appellant, J. T. White, is road overseer of said township, under act No. 370 of the Acts of 1911; that said act No. 370 provides that each township of Woodruff County shall constitute a road district, and a road overseer of each district shall be elected every two years; that the appellee is treasurer of Woodruff County; that in the general election of 1926, and in each year prior thereto since 1901, a majority of the electors of Woodruff County have voted a 3-mill road tax under Amendment No. 3 to the Constitution of Arkansas, and that, pursuant to such action, the said tax has been levied and collected; that, under § 5490 of Crawford & Moses' Digest, it is the duty of the collector of taxes to keep the 3-mill road tax of each township in a separate account; and that it is the duty of the county treasurer and the county clerk to keep a separate account with each township as to the said 3-mill road tax; and that, under § 5278 of Crawford & Moses' Digest, which is a section of the act of 1899 governing the expenditure of the 3-mill road tax under the constitutional amendment, the said taxes cannot be expended in any township or road district except that in which the

same are collected; that approximately $4,500 is in the hands of the appellee as treasurer of Woodruff County to the credit of Cotton Plant Township as a road district; that the county judge of Woodruff County has ordered appellee, as treasurer, to transfer, without authority of law, certain funds from the road tax fund of Cotton Plant Township to other accounts, and has ordered and directed the said treasurer to transfer a certain portion of the funds of said road district to a separate account, known as the county highway account, in order that the said funds so transferred may be expended under the direction of the county judge on roads and bridges in other townships; that the county judge has announced his intention of using the road taxes collected in Cotton Plant Township in general road and bridge work in Woodruff County, and contends that he has the authority to expend such funds in work on the roads and bridges of other townships; that the appellee· has in fact made a transfer of certain funds to the credit of Cotton Plant Township, and will make further transfers if not restrained; that appellants are without a remedy at law, and, if not restrained, appellee will transfer funds from the account of Cotton Plant Road District, and the same will be expended illegally.''

The prayer of the complaint is that appellee be restrained from making a transfer of said funds or from making any illegal expenditure· of said funds, and that he be ordered by mandatory injunction to transfer back to the credit of Cotton Plant Road District any funds already illegally transferred.

The demurrer, omitting caption and signatures, is as follows:

''Comes the appellee, by his attorney, J. F. Summers, and demurs to the complaint and motion for a temporary restraining order, and for his cause of demurrer says: (1) That the court has no jurisdiction of this cause, for the reason that the appellants have an adequate remedy at law, if the facts alleged in the complaint are

true; (2) That the facts alleged in the complaint are not sufficient to constitute a cause of action."

The substance of the decree is as follows:

"Being sufficiently advised, it is by the court considered, ordered, adjudged and decreed that the demurrer of appellee be and the same is hereby sustained, on the ground that the court has no jurisdiction, and that the appellants have an adequate remedy at law. To which action of the court appellants at the time except, and refuse to amend their complaint or to plead further. And it is therefore by the court considered, ordered, adjudged and decreed that the complaint be dismissed for want of equity."

The first question involved on appeal is whether the chancery court had jurisdiction of the action. It was settled in the case of *Sanderson* v. *Texarkana,* 103 Ark. 529, that an improper application of funds collected under the 3-mill road tax amendment would be prevented by injunction; and in the case of *School District No. 4* v. *School District No. 84,* 93 Ark. 109, 124 S. W. 238, that an illegal diversion of school taxes will be restrained by the chancery court. In both of these cases it was contended that the plaintiffs had an adequate remedy at law. If the funds in the two cases cited had been illegally diverted and expended, the funds would have been lost to those entitled thereto. This court said, in the school district case, *supra,* that:

"We are also of the opinion that a court of equity had jurisdiction to restrain the illegal diversion of the school tax. If the tax should, pursuant to the void order of the county court, be paid over to the credit of the other district and spent, the district to which it belonged would be remediless. The remedy at law is not complete, and a court of equity should interfere to give appropriate relief."

In the instant case, if the funds referred to had been transferred and used for general road and bridge work in the county, appellants would be remediless. We think

the two cases cited are directly in point on the question of the jurisdiction of the chancery court.

The next and only other question involved on the appeal is whether appellants are entitled to the relief prayed. It is admitted by the demurrer that the county judge of Woodruff County will transfer all funds belonging to the different road districts of the county into a single fund, unless enjoined, for the purpose of using same upon roads and bridges throughout the entire county. The fund in question was voted, levied and collected under Amendment No. 3 to the Constitution, which was adopted at the election of 1898. A short time after the declaration of its adoption by the Speaker of the House, on January 13, 1899, the Legislature passed an act governing the expenditure of said tax. It was provided in the act that the county clerk and the county treasurer should keep the road funds in separate accounts, and such funds should not be expended for the repairs of roads and bridges in any other district than that in which said money was raised and voted, except to purchase machinery for general use in the county, which might be paid for out of the funds of the different districts *pro rata* and according to the amount of taxes collected in each district. Appellee argues that this act is in conflict with Amendment No. 3, quoted above, and also with § 28, article 7, of the Constitution, granting to county courts, exclusive original jurisdiction in all matters relating to roads. By reference to Amendment No. 3 it will be seen that the Legislature is not inhibited from providing that the fund shall be expended in the road districts where the taxes raised are voted. The only restriction in the amendment is that the fund shall be used in the respective counties for making and repairing public roads. Just where it is to be spent is left open for the State in its sovereignty to designate.

An inspection of the act, the gist of which is contained in §§ 5278, 5490, 5502 and 5503 of Crawford & Moses' Digest, shows that no attempt is made to take from the county court its supervision over the expendi-

ture of the fund. It is merely a regulatory act, providing that the fund shall be expended in the road district in which collected.

The trial court erred in dismissing appellants' complaint; hence the decree is reversed, and the cause is remanded, with instructions to the trial court to enjoin appellee from transferring the funds in excess of twenty per cent., heretofore transferred, to buy machinery for use throughout the county, to the county highway account, for use on roads and bridges in other townships than Cotton Plant Township.