BURROW, COUNTY JUDGE, *v.* FLOYD.

4-4407

Opinion delivered November 30, 1936.

*Carter & Taylor*, for appellants.

*Mark E. Woolsey,* for appellees.

JOHNSON, C. J.   On January 20, 1936, the county judge of Franklin county, Arkansas, caused to be entered upon the county court records of said county the following order, in part:

"In the matter of the transfer and setting aside a certain per cent. of road tax and road fund for use as provided by § 5278 of Crawford & Moses' Digest. * * *

"It is therefore considered and ordered in response to such resolution adopted by the quorum court, and in order to meet the requirements of the Government in its WPA work in Franklin county, and give all townships road work in their respective districts, that the sum of 50 per cent. of the three mill road tax collected in the year 1936 in Franklin county, be and the same is hereby ordered and directed to be placed in 'The Special Road Fund' for Franklin county for such use as provided by and under the provisions of § 5278 of Crawford & Moses' Digest of the Statutes of Arkansas, which is to be set aside before any distribution is made of the remainder of any part thereof to the different road districts of said county or before the payment of any salary of the Road Commissioner of Franklin county, or any administrative costs.

"After the setting aside of the above 50 per cent. of such road tax to said Special Road Fund, it is further ordered and directed from the remainder there be set aside the further sum of $1,000 to pay the salary for 1936 of the Road Commissioner of Franklin county, and the further sum of $25 for administrative costs.

"It is further considered, ordered and directed that all delinquent road taxes collected in the year of 1936 be, and the same is hereby also, directed to be placed and credited to the Special Road Fund of Franklin county to be used for the same purpose as is provided in said § 5278. Signed R. H. Burrow, County Judge."

Subsequently appellees, Harve Floyd *et al.*, citizens, taxpayers, and road overseers of certain road districts in said county filed their petition in the circuit court of Franklin county against appellant, Burrow, as county judge, and other necessary county officials, praying that a writ of certiorari be issued to the end that the county court order of January 20, 1936, and copied, *supra,* be reviewed and quashed.

This petition in effect alleged that the county court order of January 20, 1936, was invalid and void because not authorized by the quorum court; because it would be taking funds from one road district in said county, and expending them in another road district in said county;

and because said order was entered without notice to appellees.

This county court order was also attacked by appeal to the circuit court.

In the circuit court, the appeal from this county court order and the attack by certiorari were consolidated for trial purposes, and upon hearing thereof, after testimony adduced, the circuit court found and entered an order to the following effect:

"That in the general election of 1934 a majority of the electors of Franklin county, Arkansas, voted the three mill road tax, and said tax has been levied by the quorum court of Franklin county, Arkansas.

"That there remains to be collected during the year 1936 certain delinquent three mill road taxes levied pursuant to the general election of 1932 and other general elections prior thereto.

"That the quorum court of Franklin county, Arkansas, convened on the 11th day of November, 1935, and on the 6th day of January, 1936, without authorizing or approving any action of the county court in taking any part of the three mill road tax of Franklin county for the payment of any part of the salary of the Road Commissioner of said county.

"That on the 20th day of January, 1936, the county court of Franklin county made and had entered of record the order with caption and body the same as Exhibit 'A' to the complaint of plaintiffs, Harve Floyd and Joe Post, and reference is made to said Exhibit as fully as if the same were written herein at this point.

"The court further finds that the county court of Franklin county has the right to have the sum of one thousand ($1,000) dollars of the county judge's salary paid from the three mill road tax.

"That the county court has the right to purchase the necessary road machinery to be used in the various road districts of the county.

"The court finds that the county road commissioner will need to use twenty-five per cent. of the balance of the three mill road tax of the county after deducting the said one thousand ($1,000) dollars for his

salary, in the purchase and maintenance of road machinery to be used in the various road districts in cooperation with the WPA projects.

"The court further finds that the costs of this suit should be paid from the three mill road tax of Franklin county.

"It is therefore by the court considered, ordered and adjudged that the county court allow, the county clerk write warrants, and the county treasurer pay warrants from the three mill road tax in the sum of one thousand ($1,000) dollars on the salary of the county judge as the same may become due and payable, and that said one thousand ($1,000) dollars shall be borne by each of the several road districts of Franklin County pro rata, that is each shall pay in proportion to the amount of three mill road taxes collected in said district.

"It is further considered, ordered and adjudged that the county court allow, the county clerk issue warrant and the county treasurer pay the costs of this suit out of the said three mill road tax in the manner above provided for the payment of the county judge's salary upon the proper certificate of said costs by the clerk of the circuit court, and that the warrant be made payable to the said clerk of the circuit court, and that said clerk pay same to the proper parties as their interests may be.

"It is further considered, ordered and adjudged that the county court may allow claims and the county clerk may issue warrants thereon and the county treasurer pay said warrants to the extent of twenty-five per cent. of the balance of said three mill road tax after deducting the salary of the county judge and the costs of this suit as above set forth, for the purchase of and maintenance of road machinery.

"It is further considered, ordered and adjudged that the county court will allow upon proper claims of the various road overseers of the various road districts of said county, and the county clerk will issue warrants and the county treasurer will pay said warrants, not to exceed fifty per cent. of said balance remaining to the credit of each road district after deducting the salary of the county judge and the costs of this suit as hereinabove set forth.

"It is further considered, ordered and adjudged that the remaining twenty-five per cent. of the said balance, after deducting said county judge's salary and costs of this suit, will be retained and not expended until further orders of this court; and that no claims will be allowed, and no warrants will be issued or paid against this remaining twenty-five per cent. until further orders of this court.

"The court retains jurisdiction of this cause, and will after the first day of July, 1936, upon application of either of the parties hereto, give this case further consideration and will make further and proper orders concerning said remaining balance of twenty-five per cent. of said three mill road tax."

From this judgment appellants appeal and appellees cross-appeal.

The county road fund affected by the county court order of January 20, 1936, arose under levy authorized by amendment number three to the Constitution of this State. This amendment reads as follows:

"The county courts of the State in their respective counties together with a majority of the justices of the peace of such county, in addition to the amount of county tax allowed to be levied, shall have power to levy not exceeding three mills on the dollar on all taxable property of their respective counties, which shall be known as the county road tax, and when collected shall be used in the respective counties for the purpose of making and repairing public roads and bridges of the respective counties, and for no other purpose, and shall be collected in United States currency or county warrants legally drawn on such road tax fund if a majority of the qualified electors of such county shall have voted public road tax at the general election for State and county officers preceding such levy at such election."

The language of this amendment "and when collected shall be used in the respective counties for the purpose of making and repairing public roads and bridges of the respective counties, and * * * and for no other purpose," is an express limitation upon the power of county officials in the expenditure of funds collected by

authority thereof. The apportionment of this fund, or any part thereof, to the payment of salaries or administrative expenses is not a dedication to or a use upon public roads or bridges in said county, and is therefore prohibited by the express language of the amendment. This suffices to demonstrate that the county and circuit courts' orders apportioning a part of said fund to pay the salary of the county judge as road commissioner, and also certain administrative expenses is in direct conflict with said amendment, and is expressly inhibited thereby.

The county court order setting aside fifty per cent. of the three mill levy under amendment number three, and the circuit court order setting aside twenty-five per cent. of said levy for the purpose of complying with certain demands of the WPA, or, as otherwise asserted, to purchase road machinery as authorized by § 5278 of Crawford & Moses' Digest presents a more difficult question. We think it is clear that, if such apportionment is authorized by law, it should be ascertained and made in the first instance by the county court and not by the circuit court on appeal.

Amendment No. Three was adopted by the people in 1898, and in 1899 the legislature passed what is now § 5278 of Crawford & Moses' Digest. It provides:

"The road commissioner shall, under the direction of the county court, buy such tools, plows, scrapers, wagons, graders and other implements as may be necessary for use on roads and bridges on the different road districts in the county, and distribute the same among the overseers of each county, and the cost of same shall be paid for out of the county treasury on warrants properly drawn and allowed by the county court, out of any money in the treasury to the credit of the road district in which said tools and implements are purchased and used; provided, that, if the county court so order, the road commissioner may purchase wagons and road graders to be used in any road district in the county, and the cost of the same shall be paid *pro rata,* according to the amount of taxes levied and collected in said district, out of any moneys in the county treasury to the

credit of said districts; provided, that no money shall be used for working or repairing roads or bridges in any other districts than that in which said money was raised or voted.''

In *White* v. *Miller,* 175 Ark. 1078, 1 S. W. (2d) 814, we had under consideration amendment number three as affected by § 5278 of Crawford & Moses' Digest, and other sections of the Acts of 1899, and we there held that the funds arising under said amendment might be apportioned in point of place by the sovereign. To this extent and no farther does the opinion go.

It is perfectly clear that under § 20 of article 7 of the Constitution of 1874, and by repeated opinions of this court the county courts of the respective counties of the state have original and exclusive jurisdiction in all matters relating to the public roads, and that this jurisdiction, when invoked and exercised, is that of a court of superior jurisdiction with all attendant presumptions.

With these cardinal principles in view, and since we have expressly held in *White* v. *Miller, supra,* that the sovereign's power to apportion funds arising under amendment number three is not inhibited, and since § 5278 of Crawford & Moses' Digest expressly authorizes the taking of a part of said funds for the purposes therein designated, it follows that the county court order setting aside fifty per cent. of said funds to be used as authorized by § 5278 of Crawford & Moses' Digest is a valid order, and the circuit court erred in deciding otherwise.

It has been urged in argument that the use of the funds set aside contemplated by the county judge is not authorized by law, and that we should, therefore, enjoin expenditure thereunder. We prefer to presume that the county judge will make expenditures from the funds set aside as authorized by law, and, should he fail to do so, appellees may obtain relief, amply and timely. See *Luter* v. *Pulaski County,* 182 Ark. 1099, 34 S. W. (2d) 770, and *Rose* v. *Brickhouse,* 182 Ark. 1105, 34 S. W. (2d) 472.

It results from what we have said that the county and circuit court orders setting aside any part of the

funds arising under amendment number three for the purpose of salary and administrative expenses are contrary to limitations imposed by said amendment, and are, therefore, erroneous and void; that the county court order setting aside fifty per cent. of the fund to be used as authorized by § 5278 of Crawford & Moses' Digest is authorized by law, and is, therefore, valid and the circuit court judgment to the contrary is erroneous; that the circuit court order retaining jurisdiction of the subject-matter to apportion any part of the fund in the future is a usurpation of the county court's jurisdiction, and is, therefore, invalid and void.

The judgment is, therefore, reversed on appeal, and cross-appeal, and the cause is remanded with directions to enter or caused to be entered appropriate orders carrying into effect the mandate of this opinion.

McHANEY, J., dissents in part.

SMITH, J., not participating.