## LAWHORN *v.* JOHNSON.

4-5283                                          120 S. W. 2d 720.

Opinion delivered October 24, 1938.

*Robert H. Jones* and *Culbert L. Pearce,* for appellant.
*John A. Fogleman* and *John M. Smith,* for appellee.

McHANEY, J. Appellant, a qualified elector and taxpayer of Crittenden county, Arkansas, brought this ac-

tion against appellee for the benefit of himself and all other taxpayers, to recover the sum of $11,400 with interest, for salary paid him as county judge and ex-officio road commissioner of said county, during the period from April 3, 1933, to October 4, 1937, which was paid from the three-mill road tax fund arising from such a levy on property in said county. It is alleged that said sum was paid to him quarterly in sums of $600 each, on orders made by him, covering a portion of his salary as county judge and ex-officio road commissioner, upon warrants duly issued, and that said orders and warrants were void because prohibited by §§ 11 and 12 or art. 16 of the Constitution and of Amendment No. 3 thereto, as also § 2585 of Pope's Digest, and should be quashed as a fraud upon the rights of plaintiff and other taxpayers, and, having no adequate remedy at law, he prayed judgment for said sum with interest for the use and benefit of said county.

To the complaint, alleging the above facts, a demurrer was interposed, sustained, the complaint dismissed (appellant refusing to plead further) and the case is here on appeal.

The trial court held that appellant was without authority to maintain the action because of act 146 of 1933, as construed by this court in *Oats* v. *Smith*, 194 Ark. 812, 109 S. W. 2d 955, and *Ethridge* v. *Riley*, *ante* p. 713, 118 S. W. 2d 665. Whether the court was right in so holding, we do not now consider. We think the demurrer was properly sustained, even though for an erroneous reason, but we prefer to base our conclusion on another ground.

By act 97 of the Acts of 1929, p. 502, the salary of each county judge in the state is fixed—in Crittenden county at $4,800 per year, in § 1. Section 2 thereof provides: "Each of the county and probate judges is hereby made ex-officio road commissioner of his county under the provisions of this act, and part of his salary, not to exceed one-half, may be chargeable to his county road fund or county highway fund, same to be fixed by the county court, subject to the approval of the quorum court, and, under this act, the several quorum courts of this

state may make proper appropriations for the expenses of the several county and probate judges, as they deem proper, in the discharge of the duties of road commissioner herein created."

Section 1 of said act 97 was amended in 1931 by act 133, p. 361, but the salary of the county judge and ex-officio road commissioner of Crittenden county was left unchanged or was reaffirmed. After making each county judge the road commissioner of his county, imposing upon him the burden of actual supervision of all the roads in the county, their repair and maintenance, the Legislature thought it proper for the county road fund to bear a portion of the salary of the county judge as road commissioner, and enacted § 2, above quoted. Under this provision of the statute, appellee was drawing one-half of his salary, as he had the absolute right to do, as we assume same was "fixed by the county court," and approved by the quorum court, in accordance with the provisions of said § 2.

But appellant says that the provisions of § 2 of said Act 97 are void as being in conflict with Amendment No. 3 to the Constitution which authorizes the counties to levy a three-mill road tax on a vote of the people, and further provides that when same is collected same "shall be used in the respective counties for the purpose of making and repairing public roads and bridges of the respective counties and . . . for no other purpose." It must be admitted that we so held in *Burrow* v. *Floyd*, 193 Ark. 220, 99 S. W. 2d 573, where it was said, by a divided court, that: "The apportionment of this fund, or any part thereof, to the payment of salaries or administrative expenses is not a dedication to or a use upon public roads or bridges in said county, and is therefore prohibited by the express language of the amendment."

Upon further consideration of the matter we are of the opinion that the majority in that case gave too narrow a construction to the amendment. There was a time when each county had a road overseer in each township who looked after the roads and bridges in his township, and when the road funds arising from the three-mill tax was credited to each township; but that system has been

abolished and the county unit system adopted whereby the county judge is made the road commissioner of each county with the duty of general supervision of all the roads and bridges, with a county road fund to be expended under appropriate orders of the county court as appropriated by the quorum court. But even under the old system it was held in *White* v. *Miller,* 175 Ark. 1078, 1 S. W. 2d 814, that an act of the Legislature governing the expenditure of the tax money raised under said amendment, which provided that it should be spent in the district in which it was raised and voted, except to purchase machinery for general use in the county, which might be paid for out of the funds of the different districts *pro rata* and according to the amount of taxes collected in each district, was a valid act. The court said: ''The only restriction in the amendment is that the fund shall be used in the respective counties for making and repairing public roads.'' It has never been held that a road overseer could not be paid out of said funds, and the county judge, acting in his capacity of road commissioner, is nothing more than a glorified road overseer. It would appear that supervision is as much a necessary expense in the building of roads as the driving of a grader, or the use of a plow or other instrumentality. A very large part of the duties of a county judge is now that of the construction and repair of roads and bridges. Why, then, should not a portion of his salary be paid out of said fund? If, in fact, his services as ex-officio road commissioner do enter into the ''making and repairing public roads and bridges,'' and we so hold, then the payment of a part of his salary cannot reasonably be held to be a misappropriation of the funds. It would not be an illegal exaction and appellant could not maintain the action. We, therefore, expressly disapprove the above quoted holding in *Burrow* v. *Floyd.*

In *Ladd* v. *Stubblefield,* 195 Ark. 261, 111 S. W. 555, the holding in *Burrow* v. *Floyd* was cited, but the language of the court in that connection was as follows: ''It may be urged, with very convincing logic, that supervision by the road commissioner of road and bridge construction and repairing is an essential part of the cost,''

which indicates that *Burrow* v. *Floyd* was wrong and should be overruled, but the court did not deem it necessary or wise to do so at that time. It was there held, to quote syllabus 6, that: "Interventions seeking to reach and set aside judgments of the county court under which salary payments and expense accounts were approved, were, in so far as they sought to have the salary warrants declared void, a collateral attack and could not be maintained."

Appellant also argues that said act 97 of 1929, as amended by act 133 of 1931, is unconstitutional and void because it is said it is in violation of Amendment No. 14, prohibiting local legislation. Appellant says that the act is local and not general although it is in the form of a general act. In three counties, to-wit: White, Conway and Prairie, the compensation fixed in the act as salary shall also cover the expenses of the office, whereas, in the other counties, the act provides that the several quorum courts of the state may make proper appropriation for the expenses of the county and probate judges, as they deem proper in the discharge of the duties of road commissioner herein created. We cannot agree that this had the effect of making the act local or special. The compensation provided in the counties named was deemed sufficient by the Legislature to cover all the necessary expenses of the road commissioner and the Legislature had the right to so find and provide.

It is further contended that the act is local and special because of alleged improper classification of the counties. It is said to be so when compared with other counties on a basis of population and assessed valuation. But the Legislature had the right to take into consideration other matters in determining the salary to be paid in the various counties and in determining their proper classifications. The same Legislature of 1931 passed act, No. 216, § 1 of which provides that, "It is hereby determined and declared that the salaries and fees now being drawn by the different county officers of the state of Arkansas according to the provisions of the general statutes of the state and special and local acts passed by the General Assemblies . . . for the years of 1927, 1929, and

1931 are based upon a proper classification of the different counties of the state according to population, wealth, location and volume of business transacted in the different counties, . . ."

The authority for the Legislature to pass such legislation is specifically granted by the Constitution, § 4, art. 16, which reads: "The General Assembly shall fix the salaries and fees of all officers of the state," etc.

We are, therefore, of the opinion that the decisions of this court in *Smalley* v. *Bushmiaer*, 181 Ark. 874, 31 S. W. 2d 292; *Cannon* v. *May*, 183 Ark. 107, 35 S. W. 2d 70; and *Simpson* v. *Matthews*, 184 Ark. 213, 40 S. W. 2d 991, relied upon by appellant, have no application to the facts in this case.

Having reached this conclusion, we are of the opinion that it becomes unnecessary to discuss the other questions raised by learned counsel and so ably argued in their respective briefs.

The decree of the chancery court is correct and it is, therefore, affirmed.