INMAN *v.* KELLEY, COUNTY TREASURER.

5-1565                                      313 S. W. 2d 796

Opinion delivered June 2, 1958.

*Ivan Williamson* and *Ben B. Williamson,* for appellant.

*S. M. Bone, Charles F. Cole, M. F. Highsmith, C. T. Bennett* and *Murphy & Arnold,* for appellee.

PAUL WARD, Associate Justice.   This appeal calls for the consideration of several Acts of the Legislature fixing the salaries of the several officers (and in most cases their deputies) in Independence County.   Appellants contended below, and ably contend here, that these Acts are local and violate Amendment No. 14 to the Constitution of this state.   Said amendment was adopted in 1926, and reads as follows: ''The General Assembly shall not pass any local or special act.   This amendment shall not prohibit the repeal of local or special acts.''   The trial court held that the controversial Acts were not local or special, hence this appeal.

We here set out briefly the background leading up to the litigation, and how the issues arose. In 1936, the voters of Independence County adopted Initiated Act No. 3 fixing the salaries of all the county officers. The salaries fixed by the Initiated Act in 1936 were later thought by some to be inadequate, and so resort was had to legislative enactments. In 1955 Act 426 fixed the Assessor's salary, and in 1957 separate Acts were passed to fix the salaries of all the officers including the salary of the assessor. These Acts will be discussed later.

In August, 1957, D. Inman and other electors and tax-payers of Independence County instituted injunctive proceedings against Beulah Kelley, County Treasurer, to keep her from paying the County Judge's salary as fixed by the Legislature. It was asserted that said salary was fixed by Initiated Act No. 3. In response to the above, appellee (Beulah Kelley, County Treasurer) set out that the salaries of the other county officers were fixed by similar legislative enactments and therefore subject to question, and prayed that their status be declared by a declaratory judgment. This procedure was agreed to by appellants.

This appeal therefore presents for our consideration the validity of the several acts of the Legislature in question. First it must be stated it is conceded that Initiated Act No. 3, referred to above, has been repealed by the Legislature. For convenience the several Acts in question will be considered under three separate groups.

*One.* Act 232 of 1957 fixed the salary of the Treasurer; Act 350 of 1957 fixed the salary of the Sheriff; Act 358 of 1957 fixed the salary of the County Clerk; and Act 378 of 1957 fixed the salary of the County Judge.

The trial court held all these acts were general and did not offend against Amendment No. 14 to the Constitution, and we are in agreement. An examination of each of these Acts reveals that it deals with all the counties of the state, and fixes the salaries (not in the same amounts) for each county. Precisely the same situation

was under consideration in the case of *Lawhorn* v. *Johnson*, 196 Ark. 991, 120 S. W. 2d 720, where Act 97 of 1929 was held not to violate Amendment No. 14 to the Constitution of Arkansas. Said Act 97 and the Amendatory Act, 133 of 1931, fixed the salary of the County and Probate Judge in each of the 75 counties in the state, in varying amounts. It is true that the court in that case referred to the fact that the Legislature passed Act 216 in 1931 wherein it was stated that the salaries theretofore fixed for the different county officers of the state were based upon a proper classification according to population, wealth, etc., but it is clear from the language of the court it did not consider that fact controlling. In answer to a contention that the counties were not properly classified as to population and assessed valuation, the court pointed out that the Legislature had the right, in passing said Acts 97 and 133, to take into consideration other matters in determining the amount of salary to be paid in the various counties. The court then also said: "The authority for the Legislature to pass such legislation is specifically granted by the Constitution, Sec. 4, Art. 16, which reads: 'The General Assembly shall fix the salaries and fees of all officers of the state, etc.'" We agree with the reasoning in the *Lawhorn* case, *supra*. In fact no other conclusion would appear to be reasonable or even tenable. If the Legislature is charged with the power and duty to fix the salaries of all county officers, and it is, it could only do so, under the view urged by appellants, by making all salaries for a given office the same in every county. Such a result would of course not be practical. As was said in *State, Ex Rel. Attorney General* v. *Lee,* 193 Ark. 270 (at page 273), 99 S. W. 2d 835, "In determining whether a law is public, general, special, or local, the courts will look to its substance and practical operation rather than to its title, form and phraseology . . ." This general rule applies with special significance, it seems to us, in the matter of fixing salaries of county officers in view of the language contained in the Constitution quoted above. In summing up we should emphasize that where the Legislature is dealing with the salaries of county of-

ficers, as here, under the constitutional directive above quoted, it is not necessary to classify the counties as to population or in any other manner but it is necessary that no county be excluded. See *Webb* v. *Adams*, 180 Ark. 713, 23 S. W. 2d 617. This is not to say, however, that some of the counties may not be excluded if the exclusion is based on a proper classification.

This court has many times held certain local and special Acts of the Legislature in violation of Amendment No. 14, and appellants have cited and emphasized many of them in their able brief, but it would serve no useful purpose to discuss them. It suffices to point out that all such cases are distinguishable on the facts from the *Lawhorn* case, *supra*, and from the case under consideration.

*Two.* Act 151 of 1957 fixes the salaries of the Tax Collectors in each of the 16 counties in the state where that office is separated from the Sheriff's office. Among those 16 counties is Independence County. It is the contention of appellants that this Act is special or local and therefore violates said Amendment 14 because it does not apply to all counties in the state. This contention is contrary to many decisions of this court to the effect that reasonable classification is permissible. See *Webb* v. *Adams, supra, Cannon* v. *May,* 183 Ark. 107, 35 S. W. 2d 70, and the *Lee* case, *supra.* The general rule is concisely but clearly stated in 50 Am. Jur., page 20-21, under the title STATUTES, General Laws, in these words: ''A statute is general where the classification is not arbitrary, but a reasonable, natural and substantial one, resting upon requirements of public policy.'' We can hardly imagine a classification that complies with the above mentioned requirements better than the one mentioned in said Act 151. We agree with the trial court that this Act is general and does not violate said Amendment No. 14.

*Three.* We agree with the trial court that Act 379 of 1957, purporting to fix the salary of the Assessor in Independence is special and invalid. It purports to amend one section of Act 426 of 1955 by creating a clas-

sification of counties with a population between 23,400 and 23,600. Not only does it not meet the above mentioned requirements of a valid classification, but it fails to mention all counties in the state. We likewise agree that since said Act 379 is invalid, the Assessor's salary is fixed by said 426 of 1955. The latter Act is valid, we hold, for both of the reasons heretofore mentioned. It not only includes all counties in the state, but it also sets forth classifications based on population which appear to be reasonable and certainly not arbitrary.

Affirmed.