The Honorable James C. Scott State Senator Route 1, Box 82-A Warren, AR 71671-9705
Dear Senator Scott:
This is in response to your request for an opinion on the mechanisms for improvement of a county road. Specifically, you describe a situation in which property owners along a particular segment of county road are seeking to have the road improved, and all the landowners except one have agreed to donate a portion of their land for the right-of-way. You indicate that the only apparent impediment to improvement of the road is the refusal of this one landowner to donate his land. With these facts in mind, you pose the following question:
 Do the landowners who have agreed to donate land for the right-of-way have legal authority to maintain an action to compel the county judge or county court to condemn a right-of-way on the property of the non-agreeing landowner?
It is my opinion that the answer to your question is "no."
I will assume that because the landowners are only "seeking" to have the road improved, the county judge has entered no order directing the improvement. I will further assume from your state that ". . . the only thing preventing the improvement of the road is the refusal of the one landowner . . ."; that the county judge would enter an order directing the improvement if this owner would donate his land. The conclusion of these two assumptions is that the county judge does not want to pay this landowner compensation for his land in order to have the road improved. You now ask whether the landowners can force him to do so.
Article 7, 28 of the Arkansas Constitution gives the county court exclusive original jurisdiction in all matters relating to county roads. Burrow v. Floyd, 193 Ark. 220, 995 S.W.2d 573 (1936). Additionally, such courts are given the power to open or change county roads in A.C.A. 14-298-120, and 14-298-121.
It is my opinion, however, that the adoption of Amendment 55, 3 to the Arkansas Constitution vests the power to "operate" the system of county roads in the county judge, and therefore supersedes Art. 7, 28 and A.C.A. 14-298-120 and 121. See, Mears, County Judge v. Hall, 263 Ark. 827, 569 S.W.2d 91 (1978), and opinion of the Attorney General No. 85-73 (a copy of which is enclosed).
After the adoption of Amendment 55, the legislature redefined the original exclusive jurisdiction of the county courts. A.C.A.14-14-1102 provides that the county judge shall be responsible for the administrative actions affecting public roadways and that the county judges power to operate roads shall be performed in an executive capacity. As stated in Mears, supra: "Legislative interpretation of constitutional provisions is never binding on the courts but, if there is any ambiguity, it is persuasive and entitled to some consideration." 263 Ark. at 835.
We are therefore left with the conclusion that the county judge has the executive authority to order improvement of the road. Additionally, he has the authority to make an application to the circuit court for condemnation proceedings. See, A.C.A.18-14-201(a) and (c), and 18-15-303. He apparently has declined to do so thus far.
Two remedies of the landowners require discussion. The first is found in A.C.A. 14-14-1106 which provides:
 Appeals by an aggrieved party from any administrative act performed, or from the non-performance of any administrative act required by law to be performed, by the county judge acting in his capacity as the chief executive officer of the county, or any other elected county official, may be taken to the court of competent jurisdiction in the manner provided by law [emphasis added].
The other potential remedy of the landowners is resort to the judicial writ of mandamus. It has been held that mandamus will lie in the event the remedy at law, (the appeal provided for in14-14-1106 above), is inadequate. Mears, supra.
It is my opinion, however, that pursuance of either of these remedies by the landowners would be fruitless. The reason for this conclusion is that in deciding whether to improve a county road and apply for condemnation of the improvement, the county judge exercises substantial discretion. As such, the right of appeal does not obtain because the judge has not refused to perform an act which he is "required by law to [perform]." Similarly, the remedy of mandamus cannot control the discretion of an officer in the executive branch of government. Mears, supra.
It is therefore my opinion that if the landowners cannot persuade the county judge to take the desired action, resort to legal redress would prove ineffective.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.