The Honorable Bob Keltner State Representative 6608 Juniper Little Rock, Arkansas 72209
Dear Representative Keltner:
This is in response to your request for an opinion on whether a county judge can spend road and bridge funds for other than roads and bridges. You note that you understand that the county judge may pay half of his salary from the road and bridge fund, but you question whether he can spend $296,203 for "CATA" ("Central Arkansas Transit Authority") and $43, 111 for "Metro Plan" dues.
I can, in response to your question, set out the provisions of Arkansas law applicable to the expenditure of county road funds. I cannot, however, opine specifically upon whether the two expenditures you mention are lawful under these provisions without more facts as to the exact nature of the expenditures and the services received in exchange therefor. I suggest that this question is an appropriate one for the county's civil attorney, whose duty it is to advise the county in all matters relating to its civil affairs, and who will have access to all the relevant facts.
If by your reference to county "road and bridge funds," you are referring to the three mill tax authorized and collected under Amendment 61 to the Arkansas Constitution,[1] such funds are restricted in their use as follows:
 County quorum courts may annually levy a county road tax not to exceed three (3) mills on the dollar on all taxable real and personal property within their respective counties. Revenues derived from the county road tax shall be used for the sole purpose of constructing and repairing public roads and bridges within the county where levied. The authority granted by this amendment shall be in addition to all other taxing authority of the county quorum courts. [Emphasis added.]
As can be seen from this constitutional provision, road and bridge taxes are restricted to the purposes listed and I have opined to this effect several times. See, e.g., Ops. Att'y Gen. 96-379 (opining that such funds may, under certain circumstances, be used to pay the salaries of road department employees and for road department equipment); 97-215 (opining that road and bridge funds may not be used for other purposes, such as solid waste or animal control); and 91-140 (opining that it would be unlawful to spend road tax monies to purchase land on which to build a jail or courthouse). The county judge is indeed authorized by statute, however, to pay one-half of his salary from these funds. See A.C.A. §14-14-811 (Supp. 1995). See also, Lawhorn v. Johnson, 196 Ark. 991,1220 S.W.2d 720 (1938).
I cannot state conclusively, however, whether the particular expenditures you mention for "CATA" and "Metro Plan dues" are appropriate uses of these funds without more facts as to the services received in exchange for these expenditures. It is my understanding from a reading of previously issued opinions that Pulaski County is or at least at one time was, a member of an "Interlocal Agreement" regarding "CATA," and the quorum court, at least at that time, funded a portion of the CATA budget. See, e.g., Ops. Att'y Gen. 90-246; 90-152 and 88-367. I have no other facts, however, to indicate the nature of the Agreement or services received by the County in this regard. In addition, you have provided no facts as to the services received in exchange for the payment of "Metro Plan dues."
Under these circumstances, I cannot opine conclusively on the constitutionality or legality of the expenditures in question. This is an appropriate matter for the Pulaski County Civil Attorney, whose duty it is to advise the County on such matters.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] I assume you are not referring to the expenditure of "state aid road funds" under A.C.A. § 27-72-312, the use of which is restricted to "the construction, reconstruction, and improvements of roads on the state aid road system. . . ."