The Honorable Ken Cowling State Representative P.O. Box 295 Ashdown, Arkansas 71822-0295
Dear Representative Cowling:
I am writing in response to your request for an opinion on the possible zoning of the Horatio School District. You note that the Horatio School District annexed the former Winthrop Schools into the district in 1992 and the annexation agreement states that the Horatio School Board will consist of two members from the original Winthrop School District. You have not enclosed the agreement for my review, but I assume that currently all board members are elected at large, with two members required to reside within the original Winthrop School District boundaries. You also note, however, that a state statute, A.C.A. §6-13-631, requires districts having a ten percent (10%) or greater minority population to create single-member zones of substantially equal population. You note that the 2000 Census data may show that the Horatio School District has a ten percent or greater minority population. You pose the following question in light of these facts:
 If required to have single-member voting zones due to a ten percent or greater minority to majority population, would the school board be allowed to have five single member zones and two at large members who were residents of the original Winthrop School District?
RESPONSE
It is my opinion that the answer to your question is "no."
The relevant statute, A.C.A. § 6-13-631, as amended by Act 1716 of 2001, provides in pertinent part as follows:
 (a) Beginning with the 1994 annual school election, the qualified electors of a school district having a ten percent (10%) or greater minority population out of the total population, as reported by the most recent federal decennial census information, shall elect the members of the board of directors as authorized in this section, utilizing selection procedures in compliance with the federal Voting Rights Act of 1965, as amended.
 (b)(1) At least ninety (90) days before the election, the local board of directors shall:
 (A) By resolution, choose to elect board members from five (5) or seven (7) single-member zones or from five (5) single-member zones and two (2) at large; and
 (B) With the approval of the controlling county board of election commissioners, divide each school district having a ten percent (10%) or greater minority population into five (5) or seven (7) single-member zones in accordance with the federal Voting Rights Act of 1965, as amended.
 (2) Zones shall have substantially equal population, with boundaries based on the most recent available federal decennial census information.
 (c) A board of directors choosing to elect board members by five (5) single-member zones and two (2) at-large positions may fill the two (2) at-large positions by drawing lots from among the current board members.
 (d)(1)(A) A candidate for election from a single-member zone must be a qualified elector and a resident of the zone.
 (B) A candidate for an at-large position must be a qualified elector and a resident of the district.
A.C.A. § 6-13-631 (emphasis added).[1]
Under A.C.A. § 6-13-631, the Horatio School Board may choose to elect five school board members from single-member zones and two at-large members. In my opinion, however, the state law quoted above is clear in requiring the at-large members to be residents of the school district only. There is no room for a special residency requirement emanating from the provisions of a prior annexation agreement.
A similar issue was discussed in East Poinsett County School DistrictNo. 14 v. Massey, 315 Ark. 163, 866 S.W.2d 369 (1993). In Massey, the Lepanto and Tyronza school districts entered into a consolidation agreement requiring that at all times there be three school board members who reside within the former boundaries of the Lepanto School District and three who reside within the former Tyronza district. The districts consolidated and began operation under the agreement. The Arkansas legislature passed a later act allowing a local option for the election of school board members from single-member zones with substantially equal population. See A.C.A. § 6-13-615. A local elector filed a petition to place a proposal on the ballot to elect the directors from six single-member zones. Another citizen sued to stop the measure from being placed on the ballot, arguing that the newly created school district was obligated to fulfill the terms of the consolidation agreement, which provided for an equal split of board members from the two former districts. The election was held and single members zones were adopted. The plaintiff then sued to overturn the results of the election based on the consolidation agreement. She argued that the new single-member zones unconstitutionally impaired the contractual obligations of the consolidation. The school district argued in response that subsequently adopted school laws necessarily applied and that the original 3-3 model of representation would unconstitutionally dilute the votes of the residents of the former and more populous Lepanto district.
The Arkansas Supreme Court upheld the single-member zones in spite of the language of the consolidation agreement. The court held that the constitutional proscription against the impairment of the obligation of contracts applies only to private, as opposed to public contracts, such as the school district consolidation agreement. The court also noted the "supreme" power of the General Assembly over the organization of school districts and the changes made therein. Id. at 169, citing Krause v.Thompson, 138 Ark. 571, 211 S.W.2d 925 (1919).
In short, the court held that a subsequently enacted law providing for single-member zones trumped the provisions of a consolidation agreement.[2]
I must therefore conclude, in light of the plain language of A.C.A. §6-13-631 and the court's words in Massey, that the answer to your question is "no." The Horatio School District may not choose to elect school board members from five single-member zones and two at-large positions, with the two at-large positions constrained by a residency requirement in the former Winthrop District.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] This statute was amended by Act 1716 of 2001 to add a provision in subsection (g), which is not reproduced above. The Act is not yet effective and is not relevant to the analysis herein.
[2] The court in Massey found it unnecessary to determine the issue raised by the School District in its defense — that adhering to the provisions of the consolidation agreement would unconstitutionally dilute voting strength under the federal Voting Rights Act.